Mary HOWARD, et al., Appellants,

v.

**TEXAS DEPARTMENT OF HUMAN SERVICES, Appellee.**

No. 13–89–375–CV.

Court of Appeals of Texas, Corpus Christi.

May 31, 1990.

---

Richard D. Hatch, III, Aransas Pass, M. Kirby Roberts, Jr., Rockport, for appellants.

James L. Anderson, Jr., Co. Atty., Rockport, Patrick L. Flanigan, Asst. Dist. Atty., Thomas L. Bridges, Dist. Atty's. Office, Sinton, S. Reese Rozzell, Rockport, for appellee.

Before NYE, C.J., and SEERDEN and BENAVIDES, JJ.

## OPINION

NYE, Chief Justice.

Mary and Raymond Howard appeal a jury verdict terminating their individual parental rights to their daughter, N.R.H., and appointing the Texas Department of Human Services (TDHS) her managing conservator. We reverse the judgment of the trial court and remand for a new trial.

This judgment is part of an original Suit Affecting the Parent–Child Relationship (SAPCR) brought in Aransas County by the TDHS to terminate all parental rights to N.R.H. and her half-sisters, M.M.G. and B.A.G. The named defendants in this suit were Mary and Raymond Howard and Richard Grimes. Mary and Raymond Howard are the biological parents of N.R.H. M.M.G. and B.A.G. are children born to Mary Howard during her marriage to Richard Grimes. Mary and Richard Grimes divorced in December 1980. Mary wed Raymond Howard in 1986. M.M.B. and B.A.G. were approximately ten and nine years old, respectively, and N.R.H. approximately three years old at the time this suit was filed. All three children were living with Mary and Raymond Howard.

On the third day of the SAPCR trial, the trial court suspended that portion of the suit affecting the parental rights to M.M.G. and B.A.G. and proceeded to terminate the Howard's parental rights to N.R.H. Appellant, Raymond Howard, brings two points of error while appellant, Mary Howard, brings five points of error. Both assert that the trial court erred by not granting their motions for directed verdict or mistrial after the Grimes children were removed from the suit. Furthermore, they assert that the answers to the jury questions were not supported by clear and convincing evidence and that the evidence was factually and legally insufficient to support the jury's determination to terminate their individual parental rights to N.R.H. Mary Howard also asserts that the trial court erred by proceeding with the SAPCR trial in Aransas County, Texas after learning that the children's attorney *ad litem* was the attorney of record in a suit to obtain managing conservatorship of M.M.G. and B.A.G. which was filed in a San Patricio County Court of continuing jurisdiction.

■ Mary Howard asserts that the children's attorney *ad litem* for this case breached his professional responsibility against conflicts of clients' interests and that the trial court erred by failing to disqualify the attorney *ad litem*. A party seeking to disqualify an attorney because of a prior relationship must show a prior attorney-client relationship and must clearly establish that the matters involved are "substantially related" to the factual matters involved in the former representation. *NCNB Texas Nat'l Bank v. Coker*, 765 S.W.2d 398, 399–400 (Tex.1989); *Hoggard v. Snodgrass*, 770 S.W.2d 577, 582–83 (Tex. App.—Dallas 1989, no writ); *see also Braun v. Valley Ear, Nose & Throat Specialists*, 611 S.W.2d 470, 472–73 (Tex.Civ. App.—Corpus Christi 1980, no writ); Supreme Court of Texas, Rules Governing the State Bar of Texas art. X, § 9 (Texas Disciplinary Rules of Professional Conduct) Rule 1.09 (1990) [hereinafter Texas Rules of Professional Conduct]. If these burdens are met, the moving party is entitled to a conclusive presumption that confidences and secrets were imparted to the former attorney. *NCNB Texas Nat'l Bank*, 765 S.W.2d at 399–400; *see also P & M Elec. Co. v. Godard*, 478 S.W.2d 79, 80–81 (Tex. 1972). Furthermore, the moving party will also have established as a matter of law that an appearance of impropriety exists and, although the former attorney will not be presumed to have imparted the confidences to his present client, the trial court should, in its proper function as internal regulator of the legal profession, disqualify counsel from any further representation in the pending suit. *Id.*

■ The record reveals that just after her divorce from Richard Grimes, Mary Howard fled Texas in possession of the two children (M.M.G. and B.A.G.) of the marriage because the divorce court decreed Richard Grimes to be the managing conservator of the children. While she lived in another state, Mary's father hired the Hon. Reese Rozzell, attorney, to file a motion for modification of conservatorship regarding the custody of M.M.G. and B.A.G. At that time, Mary Howard identified herself as Mary Grimes. Although Rozzell never met or communicated directly with Mary Grimes, he filed the motion for modification of conservatorship, thus establishing the attorney-client relationship. Later, and before the court took action on the motion, Mary's father requested that Rozzell turn his file over to another attorney. At that point, Rozzell ceased to represent Mary or the two children.

The record also reveals that Rozzell did not discover that he had a conflict of interest problem until the second or third day of the trial. At that time, both he and counsel for Mary Howard informed the court of this conflict problem. Mary Howard testified that she objected to Rozzell continuing as a counsel for the three children, alleging a conflict of interest. The trial court overruled the motion to disqualify Rozzell. This was error.

Attorney Rozzell's prior representation of Mary Howard regarding the conservatorship of her children conflicts with his present representation concerning termination of her parental rights to those children. Rozzell's present representation is directly adverse to Mary Howard's best interest because he was hired to see that the best interests of the children were served in determining Mary Howard's parental rights. Clearly, these two causes of action are substantially related; thus, as a matter of law, Mary Howard is entitled to a conclusive and irrebuttable presumption that she (or her father for her) imparted confidences and secrets to Rozzell. *Hoggard*, 770 S.W.2d at 583.

This presumption, combined with the lack of Mary Howard's prior consent to the representation and the importance of preserving the client's confidences and maintaining the integrity of all legal representation, requires that attorney Rozzell be disqualified from this case. *See* Texas Rules of Professional Responsibility, Rules 1.05, 1.06, 1.09 (Vernon Supp.1990). As a matter of law, Rozzell's relationship to Mary Howard precluded him from any involvement in this case, except possibly to represent her again. This conflict is fatal. It gives this Court no recourse but to hold that the trial court abused its discretion when it

failed to disqualify attorney Rozzell upon discovery and proof of the conflicts herein. Such error requires reversal of the judgment. *See generally Petroleum Wholesale, Inc. v. Marshall,* 751 S.W.2d 295, 299–300 (Tex.App.—Dallas 1988, no writ); *Dillard v. Berryman,* 683 S.W.2d 13, 15 (Tex.App.—Fort Worth 1984, no writ); *Valley Ear, Nose, & Throat Specialists,* 611 S.W.2d at 472. Mary Howard's fifth point of error is sustained.

Because a judgment to terminate parental rights is irrevocable, justice requires that a trial adjudicating this issue be able to withstand considerable scrutiny. Although the record before us reveals that in a new trial the evidence may justify termination of the appellant's parental rights, the conflict of interests issue in this trial casts a grave shadow over the fairness of the judicial process employed to reach that important decision. Further discussion of the remaining points of error is unnecessary.

The judgment of the trial court is REVERSED and the case is REMANDED for new trial. In this connection we recommend that a prompt hearing be afforded to both parties to protect the interests of the parties.