NUMBER
13-03-322-CV

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

JOSE M. LOPEZ AND BLANCA ALVAREZ,

INDIVIDUALLY AND AS NEXT FRIENDS

OF VIANCA LOPEZ AND KASSANDRA LOPEZ,

MINORS, AND EVA
ALVAREZ,                                                     Appellants,

                                                             v.

JUAN PABLO SANDOVAL,                                                              Appellee.

 

 

                    On appeal from the 103rd District
Court

                                       of
Cameron County, Texas.

 

 

 

                          DISSENTING
MEMORANDUM O P I N I O N

 

Before Chief Justice Valdez and
Justices Yañez and Castillo

Dissenting Opinion
by Chief Justice Valdez

 








I respectfully dissent.  I would hold that the trial court erred in
denying appellants= motion to disqualify the law firm representing
appellee and therefore would reverse and remand for a new trial based on that
issue.  

I.  RELEVANT
FACTS REGARDING DISQUALIFICATION

On March 22, 1998, appellants and appellee were
involved in a car accident.  Appellants
sued appellee for personal injuries allegedly caused by the accident.  Appellee was represented in the trial court
by an attorney (Athe Attorney@).  In
appellee=s answer, he alleged the affirmative defense of
pre-existing condition against all appellants, including Lopez.

At trial, during Lopez=s
direct examination, he stated he only remembered being involved in one previous
car accident in 1991.  During
cross-examination, the Attorney attempted to impeach Lopez with a police report
indicating Lopez had previously been injured in a 1996 car accident and was
taken away from the scene of that accident in an ambulance.  Appellants objected to this impeachment on
the basis that the report was not provided during discovery.  The court sustained the objection on the
report but allowed the Attorney to continue questioning Lopez regarding the
1996 accident and his injuries resulting from that accident.  In her subsequent questioning about the 1996
accident, the Attorney asked Lopez whether he complained of injuries at the
scene, left the scene in an ambulance, was taken to the hospital, and injured
his neck in that accident.








After Lopez=s cross-examination, appellants= counsel learned that the Attorney=s firm (the Law Firm@) had
represented Lopez in a lawsuit filed against him arising from the 1996
accident.  Appellants moved to disqualify
the Law Firm and moved for a mistrial based on the Law Firm=s prior representation of Lopez.  The trial court held a hearing on the motion
during the trial.  In the hearing, Lopez
testified that the Law Firm previously represented him in a suit filed against
him arising from the 1996 accident and that the suit was settled shortly after
it was filed.  Lopez said he did not sign
a waiver or consent to the Law Firm=s representation of appellee in the present
case.  The trial court took the matter
under advisement.

At the conclusion of the evidence, the trial court
directed a verdict on liability in favor of appellants, leaving the issue of
damages to the jury.  While the jury
deliberated, the trial court held a second hearing on the disqualification issue.  Lopez testified again.  When asked whether he spoke to the attorneys
at the Law Firm about any injuries he sustained in the 1996 accident, Lopez
testified, AI can=t honestly remember what all went on, I know I just
went in there to talk to them, and yes, they might have.  I just don=t
remember exactly one way or the other.@  Lopez did
recall meeting with the attorneys from the Law Firm several times and
explaining to them what happened in the accident.  








The Attorney=s legal assistant (the Assistant) also testified
during the second hearing.  She explained
that, on the Thursday before trial was scheduled to begin, she received a call
from State Farm informing her that it had information regarding a 1996 accident
involving Lopez.[1]  The Attorney asked the Assistant to follow up
on the call.  The following day, the
Assistant sent someone to the Mission Police Department to pick up a copy of a
police report on the accident.  At around
5:00 p.m., the name of the other driver involved in the 1996 accident rang a
bell with the Assistant.  After
investigating, she learned the Law Firm had a closed file in storage on a
lawsuit arising from the 1996 accident and that the Law Firm had represented
Lopez in that case.  When she told the
Attorney about the file, the Attorney responded that she had not reviewed the
file and did not know it existed.  The
Attorney did not ask the Assistant to follow up on the matter.  The file was found on Monday, the day the
trial started.

Although the Attorney did not testify at the
hearing, she stated to the court that she did obtain the settlement agreement
and the motion to dismiss with prejudice in the 1996 case.  She also stated she did not take any action
after she learned about the prior representation because she did not believe a
conflict existed.  The court again took
the matter under advisement.  








The jury returned a verdict of zero damages.  On January 17, 2003, before entering judgment
on the verdict, the trial court issued a letter opinion denying the motion for
disqualification.  In the opinion, the
trial court said the Law Firm previously represented Lopez in purely a
defensive capacity and no evidence of cross-claims was submitted.  The court assumed that the attorneys inquired
into matters relevant only to the defense and that such matters would not
include information pertaining to any injuries Lopez sustained in the 1996
accident.  The court concluded no
substantial relationship existed between the 1996 and 1998 accidents and denied
appellants= motions.  The
trial court later entered judgment on the jury=s
verdict.  Appellants again raised the
disqualification issue in a written motion to disqualify and in a motion for a
new trial.  The trial court also denied
these motions. 

II.  ANALYSIS

In appellants= first issue, they contend the trial court abused
its discretion in denying the motion to disqualify the Law Firm.  The appellate court reviews a trial court=s ruling on a motion to disqualify for abuse of
discretion.  Metro. Life Ins. Co. v.
Syntek Fin. Corp., 881 S.W.2d 319, 321 (Tex. 1994) (per curiam); see
Howard v. Tex. Dep=t of Hum. Servs., 791 S.W.2d 313, 315-16 (Tex. App.BCorpus
Christi 1990, no writ).  Under this
standard, this Court will consider whether the trial court acted without
reference to any guiding rules or principles or acted in an arbitrary or
unreasonable manner.  Metro. Life Ins.
Co., 881 S.W.2d at 321. 

In reviewing a ruling on a motion to disqualify, we
turn to the Texas Disciplinary Rules of Professional Conduct for guidance.  In re Nitla S.A. de C.V., 92 S.W.3d
419, 422 (Tex. 2002) (orig. proceeding). 
Rule 1.09 of the disciplinary rules of professional conduct states, in
pertinent part:

(a) Without prior consent, a lawyer who personally has formerly
represented a client in a matter shall not thereafter represent another person
in a matter adverse to the former client:

***

(3) if it is the same or a substantially related matter.








Tex. Disciplinary R. Prof=l Conduct 1.09(a), reprinted in Tex. Gov=t Code Ann.,
tit. 2, subtit. G app. A (Vernon 1998). 
If one member of the firm would be disqualified under this rule, other
members in the disqualified attorney=s firm are similarly disqualified.  Tex.
Disciplinary R. Prof=l Conduct
1.09(b); In re Mitcham, 133 S.W.3d 274, 276 (Tex. 2004) (orig.
proceeding).

In NCNB Texas National
Bank v. Coker, the supreme court stated that, in order to show a
substantial relationship between the matters, the movant must prove Athe existence of a prior attorney-client
relationship in which the factual matters involved were so related to the facts
in the pending litigation that it creates a genuine threat that confidences
revealed to his former counsel will be divulged to his present adversary.@  NCNB Tex.
Nat=l Bank v. Coker, 765 S.W.2d 398, 400 (Tex. 1989) (orig. proceeding); see In re Epic
Holdings, Inc., 985 S.W.2d 41, 51 (Tex. 1998) (orig. proceeding) (matters
are substantially related where Agenuine threat exists that a lawyer may divulge in
one matter confidential information obtained in the other because the facts and
issues involved in both are so similar@).  If the
movant meets this burden, he is entitled to a conclusive presumption
that confidences and secrets were imparted to the former attorney.  Coker, 765 S.W.2d at 400.  The supreme court added:

In this manner, the movant is not forced to reveal the very confidences
he wishes to protect.  By proving the
substantial relationship between the two representations, the moving party
establishes as a matter of law that an appearance of impropriety exists.  Although the former attorney will not be
presumed to have revealed the confidences to his present client, the trial
court should perform its role in the internal regulation of the legal
profession and disqualify counsel from further representation in the pending
litigation.  

Id. 








The parties do not dispute
that the Law Firm represented Lopez in the lawsuit against him arising from the
1996 car accident.  Nor do the parties
dispute that the Law Firm did not obtain Lopez=s
consent to represent Sandoval in the underlying suit.  The parties, however, do not agree on whether
the lawsuit arising from the 1996 car accident is Asubstantially related@ to
the underlying suit.  The majority
opinion concludes that there is no substantial relation between the suits; I
disagree and would find such a relationship to exist. 

In the underlying case,
appellee pleaded the affirmative defense of pre-existing condition.  This defense placed at issue, at a minimum,
any previous injuries Lopez may have sustained that affected his neck and
surrounding areas, which he testified were injured as a result of the 1998
accident.  Thus, any other accidents in
which Lopez was involved and may have been injured were relevant to this
defense.  The subject of the suit giving
rise to the prior representation was the 1996 accident in which Lopez was
involved.








The trial court assumed that
the Law Firm confined its investigation of the 1996 accident to facts relevant
to defending Lopez and surmised these facts would not include any information
pertaining to Lopez=s injuries. 
On the contrary, Lopez testified he recalled speaking with the attorneys
for the Law Firm several times to explain what happened in the accident.  Lopez also said he struck his head during that
accident.  Lopez also indicated that he
may have mentioned his injuries to the attorneys:  AMaybe I did, I don=t
know.@  The trial
court=s assumptions that, despite this ambiguous testimony
from Lopez, he did not provide any information pertaining to any injuries were
not founded in the evidence presented at the hearing or on any presumptions
established by the law.

The Attorney=s cross-examination of Lopez further emphasizes the
relationship between the facts involved in the two matters.  The Attorney=s
questioning went beyond merely impeaching Lopez on his answer regarding prior
car accidents in which he was involved. 
The Attorney questioned Lopez about injuries he sustained and what
happened immediately after the accident.

Appellee contends no
conflict existed for a number of reasons: 
(1) the Law Firm=s representation of Lopez concluded long before the
Law Firm represented appellee; (2) the Attorney did not obtain any information
about Lopez=s previous action by virtue of the Law Firm=s prior representation of Lopez; and (3) the
information the Attorney did obtain about the 1996 accident was not
confidential.  I would disagree.








The movant does not need to
prove that the attorney-client relationship is ongoing or overlapped with the
representation of a party in a matter adverse to the movant.  See Tex.
Disciplinary R. Prof=l Conduct
1.09(a).  Moreover,  actual disclosure of confidences need
not be proven.  In re Epic Holdings,
Inc., 985 S.W.2d at 51.  Rather, the
key question in determining whether the matters are substantially related is
whether a genuine threat of disclosure exists based on the similarity of
the matters.  Id.  The movant need not prove he relayed relevant
confidences to counsel.  Nor is the
movant barred from relief merely because the relevant information has been
publicly disclosed.  See Centerline
Indus., Inc. v. Knize, 894 S.W.2d 874, 876 (Tex. App.BWaco 1995, orig. proceeding) (A[I]t should make no difference whether the lawyer
gained no confidences or whether all the confidences gained have been publicly
disclosed.@).  Instead,
he need only satisfy the test set out in Coker to be entitled to the
conclusive presumption that confidences and secrets were imparted to the former
attorney.  Coker, 765 S.W.2d at
400.

Essential to appellee=s defense of pre-existing condition against Lopez
was information about prior accidents Lopez was involved in and injuries he may
have sustained in those accidents, including any injuries arising from the 1996
car accident.  The facts of the matters
are so related that a genuine threat existed that confidences Lopez revealed to
the Law Firm would be divulged to appellee. 
Having shown that the matters are substantially related, appellants were
entitled to the conclusive presumption that Lopez imparted confidences and
secrets to Law Firm.  Appellants
established an appearance of impropriety as a matter of law.  The trial court abused its discretion in
denying the motion to disqualify the Law Firm.              

III.  CONCLUSION








Because I would conclude
that the trial court erred in ruling against appellants= motion to disqualify, I would reverse and remand
the cause to the trial court.  See
Howard, 791 S.W.2d at 315-16 (proper remedy for abuse of discretion in
denying motion to disqualify is reversal of judgment and remand of case for new
trial).   Accordingly, I dissent from the outcome
reached by the majority opinion.           

    

 

 

 

                                           

Rogelio Valdez,

Chief Justice

 

 

 

Dissenting Memorandum
Opinion delivered and filed

this 23rd day of
February, 2006.











[1]Lopez testified State Farm was his
insurer in 1996 when he was involved in the accident.  State Farm was appellee=s insurer in 1998, when the
accident in the underlying case took place.