**NCNB TEXAS NATIONAL BANK, Relator,**

v.

**The Honorable Bill F. COKER, Judge, Respondent.**

No. C–7801.

Supreme Court of Texas.

Feb. 22, 1989.

Bruce W. Bowman, Jr. & V. Charles Serafino Vial, Hamilton, Koch & Knox, Dallas, for relator.

Thomas L. Case, St. Claire & Case, Charles W. Rowland, Cynthia J. Mahowald, St. Claire & Case, Dallas, for respondent.

OPINION

HIGHTOWER, Justice.

The relator, NCNB Texas National Bank (NCNB), filed a petition for writ of mandamus seeking to compel the Honorable Bill Coker to rescind his order of disqualification of the law firm of Vial, Hamilton, Koch & Knox (Vial Hamilton). NCNB asserts that Judge Coker abused his discretion by applying an incorrect standard of law in considering the motion to disqualify. We agree.

NCNB is the assignee of the receiver of First RepublicBank Dallas, N.A. (First Republic). First Republic was formed as a result of the merger between InterFirst

Bank Dallas, N.A. (InterFirst) and RepublicBank Dallas, N.A., effective June 8, 1987. Approximately four months before the merger, Western Fire & Casualty Insurance Company (Western Fire) developed a master insurance policy designed to insure equipment leases to the named insured, InterFirst. After the merger, First Republic bought the equipment leases and requested Western Fire to issue certificates of insurance upon the leases pursuant to the master policy. Subsequently, a large number of the equipment leases insured by Western Fire for First Republic went into default.

First Republic filed suit in district court alleging that Western Fire, through co-defendants Walker General Agency, Inc. (Walker General), Mortgage Insurance Services, Inc. and D.R. Hawkins, foreclosed upon equipment which was collateral to the leases and collected funds due from the lessees in default. First Republic, now NCNB, alleges, however, that Western Fire failed to remit the proceeds of these collections to First Republic. Thus, the suit pending in district court is a suit by NCNB on credit insurance policies, and wrongful collection and retention of funds gained by the defendants as a result of selling equipment which was collateral for the leases now in default.

The controversy presented within this mandamus proceeding arose when Western Fire and Walker General filed a motion to disqualify counsel for First Republic, now NCNB. It is undisputed that for a period of approximately five months the law firm of Vial Hamilton represented Western Fire and Walker General in a prior suit filed against Republic Insurance Company. The issue in that case was whether Republic Insurance Company could unilaterally terminate the reinsurance treaties it had executed with the plaintiffs of that suit. Vial Hamilton's representation in that matter, alleges Western Fire and Walker General, gave access to confidences and secrets which would be violated by Vial Hamilton representing First Republic in an adversarial proceeding.

The potential of intentional or inadvertent revelation of a former client's confidences exists each time an attorney undertakes representation of a client against a former client. Canon 9 of the Texas Code of Professional Responsibility mandates that lawyers, through the exercise of their personal, professional and ethical judgment, avoid any activity that might give rise to an appearance of impropriety. Canon 4 imposes the duty to preserve the confidences and secrets of clients, both current and former. In this day of merging law firms and consolidating businesses, however, to allow Canon 9, or Canon 4, or a combination of both, to dictate a complete bar to any representation of a former client would not be practical. On the other hand, to allow unrestrained representation of new clients against former clients would stifle the attorney-client communication that was meant to be encouraged by the adoption of Canon 4 and destroy the public confidence in the legal profession meant to be fostered by Canon 9. The trust necessary in any attorney-client relationship is destroyed if the client must be concerned that any information given the attorney may reappear later in an adversarial proceeding in which his former attorney represents his opponent.

The preservation of clients' secrets and confidences is not an option. The Texas Code of Professional Responsibility DR 4–101(B) mandates that a lawyer shall not knowingly reveal a confidence or secret of his client or use a confidence or secret of his client to that client's disadvantage. Supreme Court of Texas, Rules Governing the State Bar of Texas, Art. X, § 9, DR 4–101(B) (Vernon 1988). A motion to disqualify counsel is the proper procedural vehicle to challenge an attorney's representation whenever an attorney seeks to represent an interest adverse to that of a former client. However, to prevent a motion to disqualify counsel from being used as a dilatory tactic, trial courts must strictly adhere to an exacting standard when considering such motions. When comtemplating whether disqualification of counsel is proper, the court must determine whether the matters embraced within the pending

suit are *substantially related* to the factual matters involved in the previous suit. *See P & M Electric Co. v. Godard,* 478 S.W.2d 79, 80–81 (Tex.1972); *Lott v. Lott,* 605 S.W.2d 665, 667–68 (Tex.Civ.App.—Dallas 1980, writ dism'd); *Gleason v. Coman,* 693 S.W.2d 564, 566–67 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.); *Howard Hughes Medical Inst. v. Lummis,* 596 S.W.2d 171, 174 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.); *Braun v. Valley Ear, Nose & Throat Specialists,* 611 S.W.2d 470, 472–73 (Tex.Civ. App.—Corpus Christi 1980, no writ).

■ The severity of the remedy requested requires the movant to establish a preponderance of the facts indicating a substantial relation between the two representations. The moving party must prove the existence of a prior attorney-client relationship in which the factual matters involved were so related to the facts in the pending litigation that it creates a genuine threat that confidences revealed to his former counsel will be divulged to his present adversary. Sustaining this burden requires evidence of specific similarities capable of being recited in the disqualification order. If this burden can be met, the moving party is entitled to a conclusive presumption that confidences and secrets were imparted to the former attorney. *P & M Electric Co.,* 478 S.W.2d at 80–81. In this manner, the movant is not forced to reveal the very confidences he wishes to protect. By proving the substantial relationship between the two representations, the moving party establishes as a matter of law that an appearance of impropriety exists. Although the former attorney will not be presumed to have revealed the confidences to his present client, the trial court should perform its role in the internal regulation of the legal profession and disqualify counsel from further representation in the pending litigation. *Id.*

NCNB argues that Judge Coker did not follow the substantial relation test, and adopting the trial court's rationale when considering a motion to disqualify counsel would prevent an attorney from ever representing a client who sues a former client. Undisputed is the fact that counsel for Western Fire and Walker General submitted to Judge Coker an order of disqualification utilizing the language of the substantially related test. Counsel for NCNB objected to the wording of the order and requested that Judge Coker either delete the "substantially related" language from the order, or specifically recite how the two matters were substantially related. Thereafter, Judge Coker drafted his own order of disqualification, the significant part of which states: "The court further finds the subject matter involved in both representations are similar enough for there to be an appearance that the attorney-client confidences which could have been disclosed by the defendant might be relevant to the law firm's representation of the plaintiff in this suit."

Although the words "substantially related" contain no magical properties, the progression of events demonstrates the failure of Judge Coker to find that the matters involved in the two representations were such that a genuine threat existed that confidences or secrets of the former client would be revealed. The vagueness of the court's order indicates that the substantial relation test was not used; had it been, the court should have been able to state without difficulty the precise factors establishing a substantial relationship between the two representations. To hold that the two representations were "similar enough" to give an "appearance" that confidences which could be disclosed "might be relevant" to the representations falls short of the requisites of the established substantial relation standard.

■ Thus, Judge Coker's failure to apply the proper standard of law to the motion to disqualify counsel was an abuse of discretion. Disqualification of counsel renders remedy by appeal inadequate in this case. Mandamus will issue, therefore, directing the trial court to vacate the order of disqualification. We assume that Judge Coker will vacate the order of disqualification and, therefore, the writ of mandamus will

issue only in the event he should fail to do so. All further relief requested is denied.

DOGGETT, J., not sitting.