11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

In re Roseland Oil &
Gas, Inc.; Margaret Vandever; and William Vandever

No.
11-00-00400-CV B Original Proceeding

 

This is an
original proceeding in mandamus.  We
conditionally grant relief.

Roseland
Oil & Gas, Inc. (Roseland) initially brought suit against Regal Petroleum
Services, Inc., Larry G. Bradford, William G. Vandever, Margaret Vandever,
Richard Ganders, and Clifton H. Kees regarding an oil and gas lease in Palo
Pinto County, Texas.  At the outset of
this case, all of the defendants were represented by the same attorney, George
S. Henry.  John Ritchie served as local
counsel and appeared on behalf of all of the defendants. 

During the
course of pretrial, William=s deposition was taken by Roseland. 
Later, Henry and Ritchie filed a motion to withdraw as counsel and
withdrew as counsel for the Vandevers after an agreed order was signed on July
31, 2000.  Henry and Ritchie continued
their representation of all of the other defendants.  Counsel for Roseland requested that Henry withdraw from
representing the remaining defendants, but Henry refused.  Upon Henry=s refusal, relators filed a joint motion to disqualify Henry and
members of his law firm, as well as Ritchie, from representing the remaining
defendants.  The trial court denied the
motion, and a mandamus proceeding was filed. 
While the mandamus proceeding was also pending, there was a change in
the sitting judge in Palo Pinto County. 
Because mandamus is personal to the judge, we abated the proceeding
until the new sitting judge had the opportunity to rule upon the motion for
disqualification.  See State v. Olsen,
360 S.W.2d 402, 403 (Tex.1962)(orig. proceeding); see also Jampole v. Touchy,
673 S.W.2d 569, 572 (Tex.1984)(orig. proceeding).  The new sitting judge also denied the motion, and Roseland
amended its petition.  We now consider
the merits of Roseland=s
arguments.








Mandamus
will issue where there is an abuse of discretion in the trial court which
cannot be adequately remedied by appeal. 
See Walker v. Packer, 827 S.W.2d 833, 842 (Tex.1992)(Baker, J.,
dissenting)(orig. proceeding).  In order
to obtain mandamus relief, the relators must show that the trial court=s refusal to disqualify Henry and Ritchie was
such an abuse of discretion.  The trial
court abuses its discretion when Ait reaches a decision so arbitrary and unreasonable as to amount to a
clear and prejudicial error of law.@  Johnson v. Fourth Court of Appeals,
700 S.W.2d 916, 917 (Tex.1985).

The Texas
Disciplinary Rules of Professional Conduct serve as guidelines for the courts
when considering motions for disqualification. 
See TEX. DISCIPLINARY R. OF PROF=L CONDUCT preamble & 15, reprinted in TEX. GOV=T CODE ANN., tit. 2, subtit. G app. A (Vernon 1998)(TEX. STATE BAR
R.  art. X, ' 9). 
Mandamus is an appropriate vehicle by which to  review motions to disqualify. 
See, e.g., National Medical Enterprises, Inc. v. Godbey, 924 S.W.2d 123,
133 (Tex.1996)(orig. proceeding). 

Conflicts
of interest between an attorney and a former client are grounds which can
result in the disqualification of a lawyer in a particular matter.  See TEX. DISCIPLINARY R. OF PROF=L CONDUCT 1.09, reprinted in TEX. GOV=T CODE ANN., tit. 2, subtit. G app. A (Vernon
1998)(TEX. STATE BAR R. art. X, ' 9).  Rule 1.09 provides in
relevant part:

(a)  Without prior consent, a lawyer who
personally has formerly represented a client in a matter shall not thereafter
represent another person in a matter adverse to the former client:

 

(2) if the
representation in reasonable probability will involve a violation of Rule 1.05;
or

 

(3)  if it is the same or a substantially related
matter.

 

The meaning of adversity
in the context of Rule 1.09(a) is broader than being Aon the same side of the suit@ as Henry claims.  The Texas Supreme Court has stated that A[a]dversity is a product of the likelihood of
the risk and the seriousness of its consequences.@  National Medical Enterprises,
Inc. v. Godbey, supra at 132 (considering Aadverse@ in context of the definition of Adirectly adverse@ contained in TEX. DISCIPLINARY R. OF PROF=L CONDUCT 1.06 cmt. 6).  The definition of adversity endorsed by the
Texas Supreme Court has nothing to do with sides in a lawsuit, as urged by the
real parties in interest.  Where there
is a small, yet serious risk, it is enough for the parties to be considered Aadverse.@  See National Medical
Enterprises, Inc. v. Godbey, supra at 132.








Here, the
Vandevers are exposed to serious risk. 
Henry accuses William of Afabrication,@ and
the potential criminal liability of William is addressed  in documents filed by Henry.  Although William is no longer a party to
this case, the potential threat of criminal liability is a possibility.  The Vandevers also bear the risk that other
statements made in confidence to their former attorney will be used against
them in this proceeding.  Margaret,
William=s wife, remains involved in this lawsuit; and
confidential statements may influence Henry=s handling of the case, be it intentional or inadvertent.  Henry has noticed her deposition, and
Margaret is also likely to testify at trial. 
The information Henry gained as former counsel to the Vandevers would
allow him a heightened insight which would give him an unfair advantage in
examining Margaret.  This insight from
Henry=s prior access to confidential information
would place Margaret at an unfair disadvantage.  These risks make the pending matter adverse to the Vandevers. 

In
addition to adversity, the court must find a Areasonable probability@ that a confidentiality- of-information violation will occur or that
the case is the Asame or a substantially related matter.@  TEX.
DISCIPLINARY R. OF PROF=L CONDUCT 1.09(a)(2) & (3).

It is
impermissible for an attorney to Aknowingly...[u]se confidential information of a former client to the
disadvantage of the former client after the representation is concluded@ or A[u]se privileged information of a client for the advantage of
[another].@  TEX.
DISCIPLINARY R. OF PROF=L CONDUCT 1.05(b)(3) & (4), reprinted in TEX. GOV=T CODE ANN., tit. 2, subtit. G app. A (Vernon
1998)(TEX. STATE BAR R. art. X, ' 9).  Disqualification of an
attorney need only be based on a Areasonable probability@ of a violation of confidentiality in the attorney-client
relationship.  TEX. DISCIPLINARY R. OF
PROF=L CONDUCT 1.09(a)(2).  Some examples of a Areasonable probability@ are: 
(1) Aan unauthorized disclosure of confidential
information@ obtained from a client or former client or
(2) the inappropriate use of confidential information to the detriment of a
former client.  TEX. DISCIPLINARY R. OF
PROF=L CONDUCT 1.09(a)(2) & cmt. 4; see also
TEX. DISCIPLINARY R. OF PROF=L CONDUCT 1.05(b)(1) & (3), reprinted in TEX. GOV=T CODE ANN., tit. 2, subtit. G app. A (Vernon
1998)(TEX. STATE BAR R. art. X, ' 9).  








In a case
where multiple defendants are involved, it is not unrealistic that there will
be attempts to shift responsibility or blame to another defendant.  See Wasserman v. Black, 910 S.W.2d 564, 568
(Tex.App. B Waco 1995, no writ)(Thomas, C.J.,
dissenting)(orig. proceeding).  Here,
all the defendants other than the Vandevers are still represented by Henry.  This puts Henry in a precarious position in
which he may be forced to make the choice between zealously representing his
clients and maintaining the confidentiality of information received from his
former clients the Vandevers.  See
Wasserman v. Black, supra at 568; see also NCNB Texas National Bank v. Coker,
765 S.W.2d 398, 400 (Tex.1989)(orig. proceeding). Clients, current and former,
have a reasonable expectation that the information provided to an attorney in a
professional setting is confidential in nature.  See TEX. DISCIPLINARY R. OF PROF=L CONDUCT 1.05 cmt. 1, reprinted in TEX. GOV=T CODE ANN., tit. 2, subtit. G app. A (Vernon
1998)(TEX. STATE BAR R. art. X, ' 9).  The fact that Henry may be
placed in this position undermines the confidentiality of the attorney-client
relationship, and he is disqualified from representing any defendant in this
case.

An
attorney is also disqualified from the representation of any other party in the
Asame or a substantially related matter@ if that matter involves a former
client.  TEX. DISCIPLINARY R. OF PROF=L CONDUCT 1.09(a)(3).  The Asame@ matter generally prohibits an attorney from
switching sides in a lawsuit and representing another whose interests are in
conflict with those of the former client. 
TEX. DISCIPLINARY R. OF PROF=L CONDUCT 1.09 cmt. 4A.  Here,
Henry is still technically on the same side of the counsel table; but,
nonetheless, the interests of his current clients are in conflict with those of
his former clients, the Vandevers.  As
codefendants, all will be trying to shift liability to another defendant; and,
thus, the interests of Henry=s current clients are detrimental to those of the Vandevers.  

Additionally,
in a Asubstantially similar matter@ an attorney is prohibited from using
confidential information that could have been obtained from a former client,
either to the detriment of the former client or the advantage of another.  TEX. DISCIPLINARY R. OF PROF=L CONDUCT 1.09(a)(3) & cmt. 4B.  Once again, this would place Henry in the
awkward position of representing his current clients to the best of his ability
or maintaining the confidences of a former client.  See Wasserman v. Black, supra at 568; see also NCNB Texas
National Bank v. Coker, supra at 400. 








The
amended petition for writ of mandamus is conditionally granted.  In the event that the trial court does not
vacate its July 18, 2001, order and enter an order granting the motion to
disqualify, writ of mandamus shall issue.

 

JIM
R. WRIGHT

JUSTICE

 

October 11, 2001

Publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and

Wright, J., and McCall, J.