In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-258 CV


____________________



IN THE INTEREST OF R.S., J.S., and A.L.






On Appeal from the 279th District Court


Jefferson County, Texas


Trial Cause No. F-182447






MEMORANDUM OPINION


 The trial court terminated the parent-child relationship between appellant, Melissa
Lowe, and her three children, R.S., J.S., and A.L. Lowe brings three issues on appeal. 

 Lowe has a long history of drug use and incarceration. She began using drugs at age
15, and is an admitted "binge user." In 1991, Lowe received a five year probated sentence
for using and possessing drugs. Her probation was revoked in 1995 when she was convicted
on two robbery counts, and she was incarcerated from March 1995 until August 1998. Lowe
went into a drug rehabilitation program in 2001; she had been using alcohol and crack
cocaine. She was released from the rehabilitation program in October 2001, but by
December 2001 was using cocaine again. On December 3, 2001, a police officer and
Department case worker were called to Lowe's home to investigate child abandonment
allegations. Lowe was arrested on traffic warrants on December 3, 2001, and was released
two days later. Lowe's children were then removed from her home and taken to a foster
home. On December 19, 2001, during a meeting with case workers, Lowe admitted she was
using drugs again. Subsequently, she was arrested for felony theft and then was released on
February 12, 2002. She was arrested again on February 22 on another felony theft count. 
At the time of the termination hearing on April 21, 2003, she had been incarcerated
continuously since February 22, 2002. 

 The events leading up to the removal of her children to foster care began on
November 30, 2001. Lowe's two sons, R.S. and J.S., are ages twelve and nine, respectively,
and her daughter, A.L., is age three. She left all three children with Steve Bevins, someone
she knew smoked crack cocaine. On December 3, 2001, Officer John Boles went to Lowe's
home to investigate reports of child abandonment and a missing child. When Officer Boles
arrived, Lowe was at home with her two sons, but her three year old daughter and Bevins
were missing. Lowe admitted she was a recovering drug addict who had "fallen off the
wagon" that week-end and had been gone for three days. Boles learned from Lowe that she
left the children with Steve Bevins, who lived with Lowe and her children. Bevins and Lowe
had known each other for approximately one week. Lowe told Boles she was aware Bevins
was a drug user. While Lowe was gone, the children had tried to sell a phone to neighbors
to get money for food. Lowe admitted her children had told her Bevins used drugs in their
presence when she left them with him. She also admitted leaving the children at times "to
go and use" drugs, but denied leaving them unsupervised. She admitted that most of her
problems were "centered around [her] drug addiction." While Boles was interviewing Lowe,
Bevins returned with the three year old girl, who appeared to be "okay." 

 The trial court met with the two boys and the attorneys, and then recounted his
interviews for the record. The two boys indicated, based on past events, they were not
interested in a relationship with their mother. The boys also told the court that Bevins used
illegal drugs while he was with them. Further, they said their mother often left them with her
friends and had allowed her boyfriends to hit her sons with belts, and someone had hit them
with a two by four. 

 Appellant's first and second issues challenge the legal and factual sufficiency of the
evidence to support termination of her parental rights under Section 161.001 of the Texas
Family Code. A termination judgment will be affirmed if it is supported by evidence
sufficient to establish that one of the grounds listed in Section 161.001(1) exists and that
termination is in the best interest of the children, as required by Section 161.001(2). In re
A.V., 113 S.W.3d 355, 362 (Tex. 2003); see Tex. Fam. Code Ann. § 161.001 (Vernon 2002).

 The trial court found certain Section 161.001 grounds existed as to all three of Lowe's
children, (1) namely that appellant had: (1) knowingly placed or knowingly allowed the
children to remain in conditions or surroundings which endangered the physical or emotional
well-being of the children, Section 161.001(1)(D); (2) engaged in conduct or knowingly
placed the children with persons who engaged in conduct that endangered the physical or
emotional well-being of the children, Section 161.001(1)(E); (3) her parent-child relationship
terminated with respect to another child based on a finding that the parent's conduct was in
violation of Paragraphs (D) or (E) of Section 161.001(1) of the Texas Family Code or
substantially equivalent provisions of the law of another state, Section 161.001(1)(M); and
(4) knowingly engaged in criminal conduct that has resulted in the mother's conviction of
an offense and confinement or imprisonment and inability to care for the child for not less
that two years from the date of filing the petition, Section 161.001(1)(Q)(i)(ii). Tex. Fam.
Code Ann. § 161.001(1)(D), (E), (M), (Q)(i)(ii) (Vernon 2002).

 Findings under Section 161.001 must be based on clear and convincing evidence.
Tex. Fam. Code Ann. § 161.001 (Vernon 2002). Clear and convincing evidence is the
measure or degree of proof that will produce in the mind of the trier of fact a firm belief or
conviction as to the truth of the allegations sought to be established. See Tex. Fam. Code
Ann. § 101.007 (Vernon 2002). The clear and convincing evidence burden of proof requires
a higher level of appellate scrutiny in reviewing the legal and factual sufficiency of the
evidence. In re J.F.C., 96 S.W.3d 256 (Tex. 2002); In re C.H., 89 S.W.3d 17 (Tex. 2002).

 In reviewing legal sufficiency, we look at all the evidence, in the light most favorable
to the judgment, to determine if the trier of fact could reasonably have formed a firm belief
or conviction that grounds existed for termination. In re J.F.C., 96 S.W.3d at 265-66. When
there is a factual sufficiency challenge, we must give due consideration to evidence the fact
finder could reasonably have found to be clear and convincing. Id. at 266. The evidence
must be such that a fact finder could reasonably form a firm belief or conviction that grounds
exist for termination under Texas Family Code Sections 161.001 and 161.206(a). In re C.H.,
89 S.W.3d at 18-19. We 

 consider whether disputed evidence is such that a reasonable factfinder could
not have resolved that disputed evidence in favor of its finding. If, in light of
the entire record, the disputed evidence that a reasonable factfinder could not
have credited in favor of the finding is so significant that a factfinder could not
reasonably have formed a firm belief or conviction, then the evidence is
factually insufficient.


In re J.F.C., 96 S.W.3d at 266.


 Section 161.001(1)(E) of the Texas Family Code allows the trial court to terminate
the parent-child relationship if the court finds by clear and convincing evidence that the
parent had engaged in conduct or knowingly placed the children with persons who engaged
in conduct that endangered the physical or emotional well-being of the children. Here, the
State established this ground by clear and convincing evidence. The trial court heard
evidence of appellant's leaving the children with a known drug user and leaving them
unsupervised as well as evidence of her continued drug usage and repeated incarcerations. 
Also admitted into evidence was CASA's report, which discussed the psychological
evaluations of the children. R.S. has been diagnosed with oppositional defiant disorder,
attention deficit hyperactivity disorder, and dysthymic disorder, and also has been diagnosed
as a victim of physical abuse and neglect. J.S. also has been diagnosed with post-traumatic
stress disorder, oppositional defiant disorder, and sibling relational problem, and diagnosed
as a victim of physical abuse and of neglect. A.L. has been diagnosed as a victim of neglect
and abuse, and has been diagnosed provisionally with attention deficit hyperactivity disorder. 

 Here, looking at all the evidence, in the light most favorable to the judgment, we find
the trier of fact could reasonably have formed a firm belief or conviction that grounds existed
for termination; thus, the evidence is legally sufficient. In re J.F.C., 96 S.W.3d at 265-66. 
When we consider evidence the fact finder could reasonably have found to be clear and
convincing, we also find the evidence here is such that the trial court could reasonably have
formed a firm belief or conviction that grounds exist for termination; thus, the evidence is
factually sufficient. In re C.H., 89 S.W.3d at 18-19.

 As we have concluded that one of the grounds listed in Section 161.001(1) has been
established sufficiently, both legally and factually, we need not consider the remainder of
the grounds. See In re A.V., 113 S.W.3d at 362.

 Next, we review the trial court's finding of the second statutory element, i.e., that
termination of Lowe's parental rights was in the best interest of the children, to determine
if there is clear and convincing evidence supporting the finding. See Tex. Fam. Code Ann.
§ 161.001(2) (Vernon 2002).

 The Texas Supreme Court has recognized the following non-exclusive factors that
may be considered in determining whether termination of parental rights is in a child's best
interest: (1) desires of the children; (2) emotional and physical needs of the children now and
in the future; (3) emotional and physical danger to the children now and in the future; (4)
parental abilities of the individuals seeking custody; (5) programs available to assist these
individuals to promote the best interest of the children; (6) plans for the children by these
individuals; (7) stability of the home or proposed placement; (8) acts or omissions of the
parent; and (9) any excuse for the acts or omissions of the parent. Holley v. Adams, 544
S.W.2d 367, 372 (Tex.1976). Additionally, a fact finder is not required to consider all of the
listed factors and may reasonably form a strong belief or conviction regarding the interest of
the child in the absence of evidence about some of these factors. See In re C.H., 89 S.W.3d
at 27.

 In addition to the evidence of appellant's failure to provide a safe home environment
for the children, as evidenced by her leaving them with a known drug user and her failure to
provide proper supervision as well as evidence of her continued drug usage and criminal
convictions, the trial court also learned from the two older children that they had no desire
to continue a relationship with their mother. The trial court also learned that both of the boys
were together in a foster home and both appeared to be doing well in school and that both
were in counseling. As to the three year old girl, the trial court learned that her placement
with her father appeared to be working well and that the father appeared caring and
concerned about the child. 

 The record includes legally and factually sufficient evidence to support the best
interest requirement of section 161.001(2). These children deserve a chance to be children;
they deserve a chance to have a safe, stable, and nurturing home environment with adults
who will put the needs of the children first.

 We overrule issues one and two.

 In her third issue, Lowe contends the trial court abused its discretion by appointing
as Lowe's trial counsel an attorney who already had represented her children in an earlier
hearing in this case. Appellant relies primarily on Disciplinary Rule 1.09, which, in effect,
provides that conflicts of interest between an attorney and a former client are grounds that
can result in the disqualification of a lawyer in a particular matter. See Tex. Disciplinary
R. Prof'l Conduct 1.09, reprinted in Tex. Gov't. Code Ann., tit. 2, subtit. G app. A
(Vernon 1998)(Tex. State Bar R. art. X, § 9). Rule 1.09 provides in relevant part:

 (a) Without prior consent, a lawyer who personally has formerly
represented a client in a matter shall not thereafter represent another person in
a matter adverse to the former client:


 . . . .


 (2) if the representation in reasonable probability will involve a
violation of Rule 1.05 [Confidentiality of Information]; or


 (3) if it is the same or a substantially related matter. 


 Lowe also relies on Texaco, Inc. v. Garcia, which requires relators to "'prove the
existence of a prior attorney-client relationship in which the factual matters involved were
so related to the facts in the pending litigation that it creates a genuine threat that confidences
revealed to his former counsel will be divulged to his present adversary.'" Texaco, Inc. v.
Garcia, 891 S.W.2d 255, 256-57 (Tex. 1995)(orig. proceeding)(quoting NCNB Texas Nat'l
Bank v. Coker, 765 S.W.2d 398, 400 (Tex.1989)). Appellant concludes that "the record is
indisputable that the attorney representing Ms. Lowe previously represented the children of
this suit." 

 The State, without providing record or case citations, simply argues Rule 1.09 has not
been violated as appellant makes no showing of adverse interest between her and the children
and no showing that the children revealed confidences to Lowe's trial counsel. 

 At issue here is a January 30, 2002, status hearing at which Lowe's trial counsel, who
was not appointed to represent her until May 29, 2002, made a limited appearance as attorney
ad litem for the children. The attorney participated in the hearing to the following extent:

 [Attorney]: Your Honor, I have spoke[n] to the current appointed
guardian ad litem, . . ..

 . . . .

 [Attorney]: And he's asked me to stand in, if I may, for this limited
purpose.


 THE COURT: Sure, I appreciate it, . . .. Okay. Thank you. 
. . . .


 The record then shows that the State's attorney examined a Department case worker
about the current status of the children. On cross examination, Lowe's trial counsel asked
the case worker how she learned that the father of two of the children would be eligible for
parole in September 2003. The case worker responded she obtained the information from
the father's wife. The attorney then asked when Lowe would be released from incarceration,
but the case worker did not have information on Lowe's release. The attorney's only other
participation in the hearing was to state he had no objection to admitting CASA's case report
as evidence.

 "A motion to disqualify counsel is the proper procedural vehicle to challenge an
attorney's representation whenever an attorney seeks to represent an interest adverse to that
of a former client." NCNB Texas Nat'l Bank v. Coker, 765 S.W.2d 398, 399 (Tex.
1989)(orig. proceeding)(emphasis added). As indicated both by Coker and the pertinent
language of Rule 1.09(a)(an attorney "shall not thereafter represent another person in a
matter adverse to the former client"), objections under Rule 1.09 generally are raised by the
former client, which here would be the children. Coker, 765 S.W.2d at 399-400. Lowe cites
no authority for applying Rule 1.09 as she seeks to use it, nor does she provide any
persuasive argument for doing so. For example, Lowe cites no record evidence showing
Lowe was unaware of trial counsel's limited representation of her children or that Lowe, for
any reason or at any time prior to appeal, sought to have her trial counsel removed. 
Similarly, Lowe does not contend any harm occurred from the limited representation. (2)
 Under
these circumstances, we decline to apply Rule 1.09 here. Issue three is overruled.

 We affirm the trial court's judgment terminating the parental rights of Melissa Lowe.

 AFFIRMED.

 _______________________________

 DON BURGESS

 Justice


Submitted on April 15, 2004

Opinion Delivered July 1, 2004



Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. The trial court's judgments vary from its oral pronouncements regarding the
grounds it found sufficient to terminate Lowe's parental rights. And appellant suggests the
oral pronouncements control, an argument to which the State does not respond. However,
it is unnecessary for us to decide this issue as the grounds that are consistent between the
trial court's judgments and its oral pronouncements are sufficient for our analysis. 
2. We further note appellant does not challenge her counsel's effectiveness under 
In re M.S., 115 S.W.3d 534, 544 (Tex. 2003), Strickland v. Washington, 466 U.S. 668,
104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), or Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct.
1708, 64 L.Ed.2d 333 (1980).