MARY'S OPINION HEADING 









                                                NO.
12-06-00143-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

§                      

 

IN RE: T.E.D.,           §                      ORIGINAL
PROCEEDING

 

RELATOR     §                      

                                                                                                                                                           


MEMORANDUM
OPINION

            T.E.D., a juvenile charged with delinquent conduct, filed
a petition for writ of mandamus challenging the trial court’s April 5, 2006
order disqualifying his retained counsel.[1]  We
conditionally grant the writ.

 

Background

            The State of Texas filed a petition alleging delinquent
conduct by T.E.D., a juvenile.  On March
31, 2006, the trial court held a hearing on a motion to suppress T.E.D.’s statement.  One of the State’s witnesses at the
suppression hearing was Penny Hatchel, an associate municipal judge for Gun
Barrel City, Texas.  Prior to T.E.D.’s
giving a statement to police, Hatchel, as a magistrate, gave him the statutory
warnings.  See Tex. Fam. Code Ann. § 51.095(a)(1)(A)
(Vernon Supp. 2005).  Apparently, she
then heard T.E.D.’s statement to police.








            During the suppression hearing, Hatchel informed the
State’s attorneys that T.E.D.’s attorney, Dan Wood, Jr., had represented her
son-in-law and daughter in previous legal proceedings.  The State then asked the court to go into a
separate hearing and consider its motion to disqualify Wood as T.E.D.’s
attorney.  Hatchel was the only witness
during the disqualification hearing.

            Hatchel testified that she had never been represented by
Wood.  She said that her daughter,
Ashley, and her son-in-law, Wesley Weaver, had been represented by Wood
previously.  Hatchel testified that Wood
had represented Ashley in October 2005 when she probated her father’s will as a
muniment of title in Kaufman County, Texas. 
Hatchel testified that her husband (Ashley’s father) bequeathed real
property to her in the will, but there was a contingency that if the real property
was ever sold, twenty-five percent of the proceeds would go to Ashley.  Hatchel testified that she did not want to
deal with probating the will but that Ashley had contacted Wood and hired him
to probate the will as a muniment of title because she had an interest in the
real property.

            Hatchel also testified that Wood had represented Wesley
Weaver in 2001 in two Child Protective Services (“CPS”) cases filed against
Ashley by the State of Texas.  Hatchel
testified that Weaver is now married to Ashley, but was not in 2001.  However, he was a party to both of the CPS
cases against Ashley.

            On April 5, 2006, the trial court entered an order
disqualifying Wood as T.E.D.’s attorney. 
On April 10, 2006, the trial court denied a motion for reconsideration
of its April 5, 2006 order.  This
original proceeding followed.

 

Availability of Mandamus

            A writ of mandamus will issue only if the trial court has
committed a clear abuse of discretion and the relator has no adequate remedy by
appeal.  In re Cerberus Capital
Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005).  The trial court abuses its discretion if it
reaches a decision so arbitrary and unreasonable as to amount to a clear and
prejudicial error of law or if it clearly fails to correctly analyze or apply
the law.  Id.  Mandamus is appropriate to correct an
erroneous order disqualifying counsel because there is no adequate remedy by
appeal.  In re Sanders, 153
S.W.3d 54, 56 (Tex. 2004).

 

Disqualification of Counsel

            Disqualification of counsel is a severe remedy.  Id.  Disqualification is a measure that can cause
immediate harm by depriving a party of its chosen counsel and disrupting court
proceedings.  See In re Nitla S.A.
de C.V., 92 S.W.3d 419, 422 (Tex. 2002).  Texas courts have long held that the right to
be represented by counsel of choice is a valuable one.  In re Moore, 153 S.W.3d 527,
532 (Tex. App.–Tyler 2004, orig. proceeding [mand. denied]).  The unwarranted denial of that right can
result in immediate and palpable harm.  Id. 
Although the right is not absolute, a court should not grant a motion to
disqualify counsel unless a compelling reason exists.  Id.

            To prevent a motion to disqualify counsel from being used
as a dilatory tactic, trial courts must strictly adhere to an exacting standard
when considering such motions.  NCNB
Nat’l Bank v. Coker, 765 S.W.2d 398, 399 (Tex. 1989).  In moving to disqualify a party’s counsel of
choice, the movant bears a heavy burden of establishing that disqualification
is justified.  See Gonzales
v. State, 117 S.W.3d 831, 837 (Tex. Crim. App. 2003).  The moving party must prove the existence of
a prior attorney-client relationship in which the factual matters involved were
so related to the facts in the pending litigation that it creates a genuine
threat that confidences revealed to former counsel will be divulged.  See NCNB Nat’l Bank, 765
S.W.2d at 400.  When contemplating
whether disqualification of counsel was proper, the court must determine
whether the matters embraced within the pending suit are substantially
related to the factual matters involved in the previous suit.  Id. at 399-400.  The severity of the remedy requested requires
the movant to establish a preponderance of the facts indicating a substantial
relationship between the two representations.  Id. at 400. 

 

Abuse of Discretion

            In its response to Wood’s mandamus petition, the State
contends that Wood is disqualified because of Texas Disciplinary Rule of
Professional Conduct 1.05(b)(3), which states as follows:

 

(b)           Except
as permitted by paragraphs (c) and (d), or as required by paragraphs (e) and
(f), a lawyer shall not knowingly:

 

                . . . .

 

                (3)           Use confidential information of a
former client to the disadvantage of the former client after the representation
is concluded unless the former client consents after consultation or the
confidential information has become generally known.

 

 








Tex.
Disciplinary R. Prof’l Conduct 1.05(b)(3), reprinted in Tex. Gov’t Code Ann., tit. 2, subtit. G
app. A (Vernon 2005) (Tex. State Bar R.
art. X, § 9).

            We note that this section of the Texas disciplinary rules
specifically applies to an attorney-client relationship.  Hatchel herself testified that she never had
an attorney-client relationship with Wood. 
Further, at the summation of her testimony, the court specifically asked
Hatchel, “Are you friendly with or acquainted with Mr. Wood?”  Hatchel answered “No.”  The State has therefore failed to cross the
required threshold for this disciplinary rule to apply, which would be to
establish an attorney-client relationship between its witness and T.E.D.’s
attorney in a previous legal proceeding.

            Even had the State established a previous attorney-client
relationship between Hatchel and Wood, the State still failed to show how the
facts in the current legal proceeding involving T.E.D. are “substantially
related” to the factual matters involving the probate of her husband’s will and
the CPS proceedings involving her daughter and future son-in-law.  See NCNB Nat’l Bank, 765 S.W.2d
at 399-400.  Precise factors establishing
a substantial relationship between the two representations must be established
before the court can enter an order of disqualification of an attorney.  Id. at 400.  There is no evidence in the record before us
that would establish a substantial relationship between either the probate case
or the CPS cases and the current proceeding involving T.E.D.  

 

Conclusion

            Based upon our review of the record and the foregoing
analysis, we conclude that the trial court had no basis upon which to
disqualify Wood as the attorney for T.E.D. 
Therefore, we hold that the trial court abused its discretion in
disqualifying Wood.  Appeal is an
inadequate remedy for an erroneous order disqualifying counsel.  Accordingly, we conditionally grant mandamus
relief.  We trust that the trial court
will promptly vacate its order of April 5, 2006 disqualifying Wood.  The writ will issue only if the trial court
fails to comply with this court’s opinion and order within ten days.  The trial court shall furnish this court,
within the time for compliance with this court’s opinion and order, a certified
copy of its order evidencing such compliance.

            Writ conditionally granted.

                                                                                                   JAMES T. WORTHEN   

                                                                                                              Chief Justice

Opinion
delivered July 31, 2006.

Panel
consisted of Worthen, C.J. and Griffith, J.

(PUBLISH)











[1] Respondent is the Honorable Nancy Adams
Perryman, Judge of the County Court at Law #2, Henderson County, Texas.