Opinion issued September 11, 2006











In The
Court of Appeals
For the
First District of Texas
____________

NO. 01–05–01169–CV
____________

IN RE EUGENE ENGLEHARDT, JR., Relator




Original Proceeding on Petition for Writ of Mandamus





MEMORANDUM OPINIONRelator Eugene Englehardt, Jr. filed a petition for a writ of mandamus,
complaining of Judge Kern’s (1) November 14, 2005 order granting a motion to
disqualify relator’s lawyer, Lonnie Foster, and (2) a December 1, 2005 order denying
a motion for reconsideration.


 The real party in interest, Karen R. Englehardt, moved
to disqualify relator’s lawyer, Lonnie Foster, because she had met with him twice
while looking for a lawyer to represent her in her divorce from relator, and she
claimed she disclosed confidential information to Foster.
          Texas Disciplinary Rule of Professional Conduct 1.09(a)(3) prohibits a lawyer
from representing a former client in a matter adverse to the former client if it is the
same matter. Furthermore, Rule 1.05(b)(3) prohibits a lawyer from using confidential
information of a former client to the disadvantage of the former client without
consent. Texas Rule of Evidence 503(a)(1) defines the word “client” to include a
person who consults a lawyer “with a view to obtaining professional legal services
from that lawyer.” In filing a motion to disqualify, a party is not required to reveal
the confidences that she wishes to protect. NCNB Tex. Nat’l Bank v. Coker, 765
S.W.2d 398, 400 (Tex. 1989).
          The trial court conducted a hearing, and conflicting evidence was admitted
concerning whether Karen Englehardt disclosed confidential information to Foster.
Significant evidence included a client information sheet that she signed containing
the following:
The initial consultation is not intended to establish an attorney client
relationship. It is to meet each other and see what type of case is
involved and see if you wish to retain this office.
 
Any confidential matter which might involve the attorney/client
privilege should be delayed until you have retained this office.
Despite the information sheet’s suggestion, Karen Englehardt testified that she
discussed specific information with Foster about the potential divorce, she believed
the information was confidential, and no one warned her not to disclose confidential
information. Although Foster at one point testified that he did not discuss
confidential or privileged information with Karen Englehardt, he was less definite in
the following exchange:
QAnd there certainly could have been confidential information that
was discussed between you and Ms. Englehardt that wasn’t listed on
your notes, correct?
AI don’t know. I don’t recall any confidential information. I just --
I don’t think there was.
QOkay.
AI mean, usually there’s not.
          We acknowledge that disqualification of a party’s lawyer is a severe remedy
and that courts must not allow disqualification to be used as a dilatory tactic. See
Coker, 765 S.W.2d at 399–400. After reviewing the conflicting evidence, however,
we cannot say that the trial judge abused his discretion in finding that Karen
Englehardt disclosed confidential information to Foster.
 
 
          We deny the petition for a writ of mandamus.
 
PER CURIAM
Panel consists of Chief Justice Radack and Justices Taft and Nuchia.