In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00068-CV

                                                ______________________________

 

 

                                        MECHELLE LANG,
Appellant

 

                                                                V.

 

                                PELTIER CHEVROLET, INC., Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 7th Judicial District Court

                                                             Smith County, Texas

                                                       Trial Court
No. 09-2711-C/A

 

                                                      
                                            

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                     MEMORANDUM 
OPINION

 

            Mechelle
Lang filed her notice of appeal from the trial court’s order of summary
judgment on June 29, 2010.[1]

            The
clerk’s record was filed July 30, 2010. 
No reporter’s record was filed in this appeal.  The appellant’s brief was therefore due on or
before August 30, 2010.  When neither a
brief nor a motion to extend time for filing the same had been filed by
September 24, 2010, we contacted appellant’s counsel by letter and informed
them that if a brief had not been filed by October 12, 2010, the appeal would
be subject to dismissal for want of prosecution.  See
Tex. R. App. P. 42.3(b), (c).

            We
have received no communication from counsel. 
Pursuant to Tex. R. App. P.
42.3(b), we dismiss this appeal for want of prosecution.

 

            

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          October
28, 2010

Date Decided:             October
29, 2010

 











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Gov't Code Ann. § 73.001
(Vernon 2005).  








was before the trial court at the time the
ruling was made, then we must uphold the judgment." 
12. The Texas Supreme Court has held in civil cases that disqualification of counsel may only
occur when "the matters embraced within the pending suit are substantially related to the factual
matters involved in the previous suit . . . . Sustaining this burden requires evidence of specific
similarities capable of being recited in the disqualification order. If this burden can be met, the
moving party is entitled to a conclusive presumption that confidences and secrets were imparted to
the former attorney." NCNB Tex. Nat'l Bank v. Coker, 765 S.W.2d 398, 400 (Tex. 1989) (citations
omitted).
13. Admittedly, Texas is not the only state to require a showing of a due process violation. See
Landers, 256 S.W.3d 295 (summarizing other jurisdictions with similar holdings).