**Deny Writ and Opinion Filed September 2, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00947-CV

### IN RE COLONY INSURANCE COMPANY, Relator

**Original Proceeding from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-00871-2014**

## MEMORANDUM OPINION

Before Justices FitzGerald, Francis, and Lewis
Opinion by Justice FitzGerald

Colony Insurance Company filed this petition for writ of mandamus requesting that the Court order the trial court to vacate its order denying Colony's motion to disqualify counsel for real party in interest Kish, LLC d/b/a Quality Towing based on rule 1.09(a)(3) and 1.09(a)(2) of the Texas Disciplinary Rules of Professional Conduct.

It is undisputed that counsel for Quality Towing has twice represented Colony in the past. In the first case, a subrogation case between Colony and another insurer, Quality Towing's current counsel represented Colony in a declaratory judgment action seeking a determination whether Colony had a duty under a policy issued to a signage subcontractor to defend or indemnify the general contractor in a wrongful death case related to an accident in a construction zone. In the second case, Quality Towing's current counsel represented Colony in a declaratory judgment action seeking a determination whether Colony had a duty under a professional liability policy to defend or indemnify an attorney against malpractice claims brought by a

former client.  This suit involves the question whether Colony has a duty to defend or indemnify Quality Towing for personal injuries arising from a dog bite.  In each case, the basis of Colony's denial of any duty to defend or  indemnify differed.  In the first case, Colony contended that it lacked a duty to defend or indemnify because the accident at issue was not caused by the negligence of its insured.  In the second case, Colony argued that it had no obligation to defend or indemnify because the claims against the attorney arose prior to the inception of the policy or were excluded by the terms of the policy.  In this case Colony contends that it is not obligated to defend or indemnify because the policy was cancelled for non-payment of premiums.

Because disqualification is a severe remedy, courts must adhere to exacting standards when considering motions to disqualify so that they are not used as a tactical device.[1]  As the Texas Supreme Court has noted, to allow the rules of disciplinary procedure "to dictate a complete bar to any representation of a former client would not be practical."[2]  For that reason, the rules of disciplinary procedure[3] do not absolutely bar a lawyer from ever undertaking an engagement adverse to a former client.

Rule 1.09(a)(3) prohibits a lawyer from representing an adverse party in "the same or a substantially related matter."[4]   Under rule 1.09(a)(3), the party moving to disqualify an attorney must prove: (1) the existence of a prior attorney-client relationship; (2) in which the factual matters involved were related to the facts in the pending litigation; and (3) a genuine threat that confidences revealed to his former counsel will be divulged to his present adversary.[5]  To be

---

[1]*Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990) (orig. proceeding).

[2]*NCNB Tex. Nat'l Bank v. Coker,* 765 S.W.2d 398, 399 (Tex. 1989) (orig. proceeding).

[3] Although the disciplinary rules are not controlling as standards governing motions to disqualify, they serve as guidelines that "articulate considerations relevant to the merits of such motions."  *Spears*, 797 S.W.2d at 656.

[4] TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.09(a)(3), *reprinted in* TEX. GOV'T CODE ANN. tit. 2, subtit. G, app. A (West 2013) (TEX. STATE BAR R. art. X, § 9).

[5]*In re Butler*, 987 S.W.2d 221, 224 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding).

entitled to disqualification under Rule 1.09(a)(3), the moving party must establish "a preponderance of the facts indicating a substantial relation between the two representations."[6] In other words, "[t]he moving party must prove the existence of a prior attorney-client relationship in which the factual matters involved were so related to the facts in the pending litigation that it creates a genuine threat that confidences revealed to his former counsel will be divulged to his present adversary."[7] A superficial resemblance between issues in a case is not enough to constitute a substantial relationship.[8]

Although rule 1.09(a)(2) can provide a basis for disqualification independent of rule 1.09(a)(3), the prohibition of rule 1.09(a)(2), "largely overlaps the prohibition contained in Rule 1.09(a)(3)."[9] Rule 1.09(a)(2) prohibits representation adverse to a former client "if the representation in reasonable probability will involve a violation of Rule 1.05."[10] Rule 1.05 requires the protection both of privileged information and "all information relating to a client or furnished by the client . . . acquired by the lawyer during the course of or by reason of the representation of the client."[11] Before a trial court may disqualify a lawyer pursuant to Rule 1.09(a)(2), the court must find a reasonable probability that some aspect of rule 1.05 will be

---

[6] *Coker*, 765 S.W.2d at 400.

[7] *Id.; accord In re EPIC Holdings, Inc.,* 985 S.W.2d 41, 51 (Tex. 1998) (orig. proceeding) ("We have held that two matters are 'substantially related' within the meaning of Rule 1.09 when a genuine threat exists that a lawyer may divulge in one matter confidential information obtained in the other because the facts and issues involved in both are so similar.").

[8] *J.K. & Susie L. Wadley Research Inst. & Blood Bank v. Morris*, 776 S.W.2d 271, 278 (Tex. App.—Dallas 1989, orig. proceeding).

[9] *In re Texas Windstorm Ins. Ass'n,* 417 S.W.3d 119, 139 (Tex. App.—Houston [1st Dist.] 2013, orig. proceeding) (citing TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.09 cmts. 4 & 4B).

[10] TEX. DISCIPLINARY R. PROF'L CONDUCT R. 1.09(a)(2).

[11] TEX. DISCIPLINARY R. PROF'L CONDUCT R. 1.05(a).

violated.[12]  Whether such a probability exists in any given case will be a question of fact.[13] Factual determinations by the trial court may not be disturbed by mandamus review.[14]

Ordinarily, to obtain mandamus relief, a party must show both that the trial court has clearly abused its discretion and that it has no adequate appellate remedy.[15]  Based on the evidence before the trial court, we cannot conclude that the trial clearly abused its discretion. Because Colony has failed to establish its right to mandamus relief, we **DENY** the petition for writ of mandamus.[16]

140947F.P05

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

---

[12]*In re Hoar Constr., L.L.C.,* 256 S.W.3d 790, 800 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding).

[13]TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.09 cmt. 4.

[14] *See Mendoza v. Eighth Court of Appeals,* 917 S.W.2d 787, 790 (Tex. 1996) (orig. proceeding).

[15]*In re Prudential Ins. Co.,* 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

[16]TEX. R. APP. P. 52.8(a).