ACCEPTED
05-18-00269-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
3/27/2018 2:49 PM
LISA MATZ
CLERK

**No. 05-18-00269-CV**

In the Fifth Court of Appeals
Dallas, Texas

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS

3/27/2018 2:49:41 PM

LISA MATZ
~~Clerk~~

**IN RE TONY RAMJI**
*Relator*

**ORIGINAL PROCEEDING FROM THE
191ST DISTRICT COURT OF DALLAS COUNTY, TEXAS**
*Hon. Gena Slaughter, Presiding Judge*

**RELATOR'S MOTION FOR REHEARING**

PLATT CHEEMA RICHMOND PLLC

William S. Richmond
Texas Bar No. 24066800
1201 N. Riverfront Blvd., Suite 150
Dallas, Texas 75207
Telephone: 214.559.2700
Fax: 214.559.4390
brichmond@pcrfirm.com

*Counsel for Relator Tony Ramji*

**ORAL ARGUMENT REQUESTED**

**TO THE HONORABLE FIFTH COURT OF APPEALS:**

Relator Tony Ramji ("Relator" or "Ramji") hereby submits this Motion for Rehearing in response to the *Memorandum Opinion* issued by this Court on March 15, 2018 of the above captioned mandamus proceeding (the "Opinion").

1.      On March 13, 2018, Relator filed his *Petition for Writ of Mandamus* (the "Petition") in this Court and requested that the Court instruct the trial court to vacate its order dated February 23, 2018 disqualifying William S. Richmond and Michael J. Lang (and their respective law firms) from representing Relator in litigation before the trial court (the "Disqualification Order"). Plaintiffs JMR Future, LLC, Raw Law Firm P.C., and Allen Rad's ("Real Parties in Interest" or "Plaintiffs") sought the disqualification. Prior to issuing its Disqualification Order, the trial court held the related hearing on February 21, 2018 (the "Hearing").

2.      This Court denied Relator's *Petition* in its Opinion due to an incomplete record to support mandamus relief.

3.      Contemporaneously with this Motion, Relator filed a *Supplement to Petition for Mandamus and Appendix to Relator's Motion for Rehearing* (the "Supplement"), which included the Hearing transcript (the "Transcript"), as well as the pleadings that the trial court took judicial notice of during the Hearing. As the Transcript shows, no exhibits were entered into evidence nor was any witness testimony put into the record at the Hearing. *See*, *e.g.*, Supp. App'x, Ex. K.

2

4. Relator submits this Motion in response to the Court's Opinion and requests that the Court withdraw its Opinion and order the trial court to vacate its Disqualification Order.

5. Relator incorporates all arguments raised in his *Petition*. *See In Re Ramji,* No. 05-18-00269-CV (Tex. App.–Dallas Mar. 13, 2018)

## ARGUMENT #1: GRANT REHEARING

6. This Court should grant a rehearing of Relator's *Petition* because (a) the Mandamus record is now complete given the filing of the Hearing Transcript and the pleadings of which the trial court took notice at the hearing; and (b) as reflected in the Transcript, no evidence was admitted nor any testimony given to support the motion to disqualify.

7. In its Opinion, the Court stated that Relator had the "burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief" (citing *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding)). The Court found that Relator had not established his right to relief because Relator had not provided a sufficient record. The applicable portion of the Court's Opinion states as follows:

> The disqualification order states that the trial court considered "the evidence," the motion, relator's response, the applicable law, the pleadings, and the arguments of counsel. But neither the motion nor the response has evidence attached, and relator has not provided a copy of the transcript of the hearing on the motion to disqualify. We

must, therefore, presume that evidence was presented at the hearing or in pleadings not included in the mandamus record. Without a record of the hearing or any pleadings filed with accompanying evidence, we must also presume that the evidence referenced in the disqualification order supports the trial court's ruling.

8.      This Court held in *In Re Priester* that if the Court is subsequently provided with a "more developed record and clarified arguments," it is appropriate for the Court to grant a motion on rehearing to reconsider a relator's petition that had been previously denied. *See In re Priester*, 2016 Tex. App. LEXIS 12439, at *5-6 (Tex. App.–Dallas, Nov. 21, 2016).

> When relators filed this original proceeding, the arguments were not fully developed and the full record was not before the Court. On rehearing, relators clarified their position and arguments, and Deutsche Bank's response brief provided the Court with a more complete factual background and procedural history… By liberally construing the petition and taking into account the motion for rehearing, we have determined that relators now seek a writ ordering the trial court to grant the motion to vacate and not simply a writ directing the trial court to rule. In light of the more developed record and clarified arguments, we are now able to make a determination on the merits of relators' arguments, namely, whether the trial court had a mandatory duty to grant relators' motion to vacate the expedited foreclosure order.

9.      Adhering to *Priester*, the Court should grant Relator's Motion for Rehearing since Relator, through the Supplement and arguments presented in this Motion, has provided a more complete factual background and procedural history, as well as clarity to his original position and arguments, which therefore presents this Court with a sufficient record by which to consider Relator's *Petition*.

4

## ARGUMENT #2: GRANT MANDAMUS

10. With the complete record now before this Court, Relator's *Petition for Mandamus* should be granted and the trial court's disqualification order vacated for four reasons: (i) Plaintiffs unreasonably delayed in filing the motion and seeking a ruling; (ii) Plaintiffs presented no evidence of a conflicted attorney-client relationship between Mr. Richmond and 8001 LBJ; (iii) Plaintiffs presented no evidence that there was a genuine threat of confidences being revealed; and (iv) Plaintiffs presented no evidence of actual harm.

### A.   PLAINTIFFS WAIVED DISQUALIFICATION BY DELAYING THE FILING AND HEARING OF THE MOTION.

11. Plaintiffs substantially and unnecessarily delayed the filing of their Motion to Disqualify and setting the Hearing date, which should have resulted in a dismissal of the motion as a matter of law. As shown in the *Petition* (pp. 7-9): (1) Plaintiffs waited four months to file for disqualification and an additional eight months to have the motion heard; and (2) Plaintiffs set other substantive motions for hearing prior to the disqualification hearing, in addition to engaging in other substantive acts. As shown in the Transcript, Plaintiffs entered no evidence justifying this unreasonable delay. For these reasons, the trial court erred in granting the disqualification.

12. Despite their arguments to the contrary, Plaintiffs had ample opportunity to file their Motion to Disqualify much earlier on in the proceedings.

Their untimeliness, along with their post-disqualification rush to obtain injunctive relief against Relator, plainly reveals their improper motives in filing the motion. As shown in the *Petition*, Plaintiffs' motion was untimely and should have been denied as a matter of law on that ground alone.

**B.** **NO ATTORNEY-CLIENT RELATIONSHIP OR THREAT OF REVEALED CONFIDENCES.**

13. This Court holds that a party seeking disqualification must show "(1) prior existence of an **attorney-client relationship** involving factual matters related to the present litigation; and (2) that there is a **genuine threat** that confidences revealed to the attorney will be revealed to the present adversary." *Suntech Processing Systems, LLC v. Sun Communications, Inc.*, 2000 Tex. App. LEXIS 8094, *21 (Tex. App.—Dallas, Dec, 5, 2000, pet. denied) (citing *National Bank v. Coker*, 765 S.W.2d 398, 400 (Tex. 1989) (emphasis added)). At the outset, as shown in the *Petition*, Plaintiffs failed to carry their burden to show an attorney-client relationship between 8001 LBJ and Mr. Richmond; thus, the trial court abused its discretion in granting disqualification on that basis alone.

14. The trial court further erred by granting the motion to disqualify since Plaintiffs provided no evidence that was a genuine threat that confidences were or will be revealed between competing adversaries (i.e., 8001 LBJ and Mr. Ramji).

15. The second prong of this Court's decision in *Suntech* requires the movant to show a genuine threat of confidences being shared. During the Hearing,

6

Plaintiffs made no attempt to address, much less satisfy *Suntech.* [*See* SuppAppx-0018.] Instead, Plaintiffs erroneously relied on non-authoritative case law that also failed to address this Court's requirements as set out in *Suntech*.

16. At no point during the Hearing, or in their pleadings, did Plaintiffs provide any evidence of a genuine threat of confidences being shared. No evidence was entered, and no testimony was provided. The reason for the lack of evidence is clear—there logically cannot be a threat of confidences being revealed between Mr. Ramji, as an individual, and Mr. Ramji, as manager of 8001 LBJ. Mr. Ramji's knowledge always remains with him, regardless of the hat he wears. As such, the idea that confidences could be revealed between Mr. Ramji and Mr. Ramji is simply an absurdity.

## C. NO EVIDENCE OF ACTUAL HARM TO PLAINTIFFS.

17. Even if Plaintiffs met the initial *Suntech* requirements (attorney-client relationship and genuine threat), the trial court erred by failing to prove an additional element for disqualification: "However, an attorney should not be disqualified for violating a disciplinary rule **when the violation has not resulted in actual harm to the party seeking disqualification.**" *Id.* (citing *In re Meador*, 968 S.W.2d 346, 350 (Tex. 1998) (emphasis added)).

18. Plaintiffs did not provide a shred of evidence in their pleadings or during the Hearing of the actual harm they suffered as a result of Mr. Richmond

7

and/or Mr. Lang serving as counsel to Mr. Ramji. During the Hearing, Plaintiffs completely glossed over the "harm to movant" requirement, while unconvincingly attempting to argue harm to 8001 LBJ, by perfunctorily stating, "There is harm or risk of harm to 8001 via the use of this confidential information by Ramji to the disadvantage of 8001 or to the advantage or Ramji or vice versa." [*See* SuppAppx-0017.] This attorney argument, however, is not evidence and falls far short of satisfying Plaintiffs' burden.

19.     Plaintiffs failed to satisfy their burden of showing "actual harm," and the trial court abused its discretion in granting disqualification on the record below.

**D.     THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING PLAINTIFFS' MOTION TO DISQUALIFY.**

20.     When considering Relator's *Petition*, this Court "presume[d] that evidence was presented at the hearing or in pleadings not included in the mandamus record" that supported the trial court's order disqualifying Relator's counsel.

21.     Relator has now supplemented its *Petition* with the Hearing transcript and the pleadings referenced during the Hearing. In conjunction with Plaintiff's Motion to Disqualify and Defendants' Response to Plaintiffs' Motion, the foregoing constitute all the "evidence" that the trial court considered in making its ruling.

22.     As such, the Court now has a complete record by which to consider Relator's *Petition*. It is abundantly clear from the record, this Motion, and the *Petition* that (a) Plaintiffs failed to prove or provide any evidence to show an

attorney-client relationship between Mr. Richmond and 8001 LBJ, (b) there is no genuine threat of confidences being revealed; and (c) Plaintiffs have not suffered any harm from Relator being represented by the lawyers and firms of his choice.

23.    Based on this complete lack of evidence to support Plaintiffs' motion, as well as the untimely filing of the motion, the trial court abused its discretion in disqualifying counsel for Relator.

## PRAYER

For the foregoing reasons, Relator Ramji prays that this Court will **GRANT** this Motion for Rehearing, **GRANT** the *Petition for Writ of Mandamus*, **ISSUE** the writ, and **REMAND** the matter to the district court for further consistent proceedings (including but not limited to the vacating of the trial court's order of disqualification).

Respectfully submitted,

**PLATT CHEEMA RICHMOND PLLC**

By: */s/ William S. Richmond*
Texas Bar No. 24066800
1201 N. Riverfront Blvd., Suite 150
Dallas, Texas 75207
Telephone: 214.559.2700
Fax: 214.559.4390
brichmond@pcrfirm.com

**COUNSEL FOR RELATOR**

9

**CERTIFICATE OF COMPLIANCE**

This document complies with the typeface requirements of Texas Rule of Appellate Procedure 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Rule 9.4(i), if applicable, because it contains 1,830 words, excluding any parts exempted by Rule 9.4(i)(1).

*/s/ William S. Richmond*
William S. Richmond

**MANDAMUS CERTIFICATION**

Pursuant to Texas Rule of Appellate Procedure 52.3(j), I certify that I have reviewed this motion and that every factual statement in the motion is supported by competent evidence included in the appendix or record. Pursuant to Rule 52.3(k)(l)(A), I certify that every document contained in the supplemental appendix or record filed contemporaneously-therewith and referenced herein is a true and correct copy.

*/s/ William S. Richmond*
William S. Richmond

**CERTIFICATE OF SERVICE**

I certify that on March 27, 2018, this document was served on the following parties or counsels of record in accordance with Texas Rule of Appellate Procedure 9.5:

Jeff R. Boggess
LAW OFFICE OF JEFFREY R. BOGGESS
2815 Valley View Lane, Suite 202
Dallas, Texas 75234
Telephone: 972.514.2007
Fax: 214.594.8800
*[Via Electronic Service]*

Carlos R. Cortez
Megna Wadhwani
CORTEZ LAW FIRM, P.L.L.C
12801 N. Central Expy, Suite 360
Dallas, Texas 75243
Telephone: 214.919.4208
Fax: 214.919.4209
*[Via Electronic Service]*

Kyle Harneck
Daryoush Toofanian
RAD | MITCHELL | TOOFANIAN | MAHARAJ | HERRERA, PLLC
8001 LBJ Freeway, Suite 300A
Dallas, Texas 75251
Telephone: 214.530.2311
Fax: 214.276.1757
*[Via Electronic Service]*

Jeffrey S. Lowenstein
BELL NUNNALLY & MARTIN LLP
3232 McKinney Avenue, Suite 1400
Dallas, Texas 75204
Telephone: 214.740.1400
Fax: 214.740.1499
*[Via Electronic Service]*

Jeremy R. Wilson
WILSON LAW
705 Ross Ave.
Dallas, Texas 75202
Telephone: 214.662.8456
Fax: 214.594.8844
*[Via Electronic Service]*

Honorable Gena Slaughter
191st District of Dallas County, Texas
George L. Allen, Sr. Courts Building
600 Commerce Street
Dallas, Texas 75202
Telephone: 214.653.7709
*[Via U.S. Mail]*

*/s/ William S. Richmond*
William S. Richmond