# NO. 12-14-00312-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: HOUSTON COUNTY* | § | |
| *EX REL DAPHNE L. SESSION,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *OPINION*

Relator, Daphne L. Session, filed this original mandamus proceeding in her capacity as County Attorney for Houston County, Texas, complaining of two trial court orders. The first order granted J.H.'s motion to disqualify both attorneys in the County Attorney's Office from representing the Department of Family and Protective Services (the Department) in the underlying termination case.[1] The second order denied the County Attorney's motion for reconsideration. We deny the petition.

## BACKGROUND

On March 28, 2014, the Department began investigating allegations of child abuse involving J.H. and her two month old son, A.D.H.G. During an interview with a Department investigator, J.H. signed a safety plan requiring, in part, that she seek a protective order against R.G. for A.D.H.G. and herself. R.G. is the child's father.

The next day, J.H. went to the County Attorney's Office and was interviewed by Amber Bewley, the assistant county attorney. Bewley prepared the protective order application and J.H.'s supporting affidavit, and filed them in the County Court at Law of Houston County. That

---

[1] The underlying case is *In the Interest of A.D.H.G.*, a Child, Cause No. 14-0071, in the 3rd Judicial District Court of Houston County. The Honorable Pam Foster Fletcher is the presiding judge of the 349th Judicial District Court of Houston County. However, she is presiding over the underlying proceeding and therefore is named as the respondent here.

court immediately issued a temporary ex parte protective order against R.G. and set a hearing on the application.

Six days later, Session filed a petition in district court on behalf of the Department, seeking termination of J.H.'s and R.G.'s parental rights to A.D.H.G. The district court (the trial court), in which the respondent was sitting, issued temporary orders granting the Department's request to be appointed temporary sole managing conservator of A.D.H.G. This appointment included the right to possession of A.D.H.G. until a full adversary hearing could be held. At the first setting for the adversary hearing, the trial court appointed an attorney to represent J.H. Bewley appeared at this setting, and at another a week later, on behalf of the Department. By agreement of the parties, the full adversary hearing was set for April 29.

On April 28 (the day before the adversary hearing), J.H. filed a motion to disqualify Bewley from representing the Department in the termination case because she was representing J.H. in the protective order proceeding. In her motion, J.H. cited Texas Disciplinary Rules of Professional Conduct 1.05 and 1.06. The adversary hearing was held on April 29 as scheduled, following which the trial court confirmed the Department's appointment as temporary managing conservator of A.D.H.G. For reasons unrelated to J.H.'s pending motion, the Department was represented by its regional attorney at the hearing. The next day (April 30), the County Court at Law granted J.H.'s application and issued a protective order prohibiting R.G. from engaging in the conduct specified in the application for a period of one year.

The trial court conducted a hearing on J.H.'s motion to disqualify. During the hearing, Session informed the trial court that she had represented J.H. at both settings for the protective order hearing.[2] J.H.'s counsel asked that Session be disqualified as well.

The trial court granted J.H.'s motion to disqualify both Bewley and Session (collectively, the County Attorney's Office). After filing a motion for reconsideration, which the trial court denied, the County Attorney filed this original proceeding. On the County Attorney's motion, we stayed the proceedings in the trial court until further order of this court.

---

[2] The record reflects that the first hearing was reset after appearances. At the second setting, the court granted J.H.'s application and issued the one year protective order.

## PREREQUISITES TO MANDAMUS

Mandamus will issue to correct a clear abuse of discretion where there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004). The trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992). Mandamus is appropriate to correct an erroneous order disqualifying counsel because there is no adequate remedy by appeal. *In re Sanders*, 153 S.W.3d 54, 56 (Tex. 2004). Additionally, where the challenged order is void, as the County Attorney argues here, a relator need not show that appeal is an inadequate remedy. *In re Vaishangi, Inc.*, 442 S.W.3d 256, 261 (Tex. 2014) (per curiam). Consequently, we address only whether the trial court abused its discretion in disqualifying the County Attorney's Office from representing the Department.

## COUNTY ATTORNEY'S STATUTORY RESPONSIBILITIES

The Texas Constitution provides that county attorneys shall represent the State of Texas in all cases in the district and inferior courts in their respective counties. TEX. CONST. art. V, § 21. Where there is a district attorney in the county, the respective duties of district and county attorneys "shall in such counties be regulated by the Legislature." *Id.* As relevant here, the legislature has provided that when a county is within a district that has a district attorney, either the county attorney or the district attorney is responsible for filing applications for family violence protective orders. *See* TEX. FAM. CODE ANN. §§ 81.007(a), 82.002(d)(1) (West 2014). Additionally, the county attorney or the district attorney in such a county must represent the Department in family code actions filed there. *See id.* § 264.009(a) (West 2014). However, the district attorney may assume either or both responsibilities. *See id.* §§ 81.007(a), 264.009(a). Houston County has both a district attorney and a county attorney. However, it is undisputed that the Houston County District Attorney has not assumed either of these responsibilities. As a result, the County Attorney fulfills both responsibilities in Houston County.

If the County Attorney is unable to represent the Department because of a conflict of interest, the Attorney General of Texas, subject to certain exceptions not applicable in this case, must represent the Department. *See id.* § 264.009(b) (West 2014).

3

As a threshold matter, the County Attorney asserts the trial court has no authority to disqualify her or her office from representing the Department in the underlying proceeding. As support for her position, the County Attorney relies on *State ex rel. Eidson v. Edwards*, 793 S.W.2d 1 (Tex. Crim. App. 1990) (op. on reh'g) (4-4-1 decision).

**Applicability of *Eidson***

In *Eidson*, the State challenged the trial court's order disqualifying a district attorney's office from prosecuting three felony cases against a single defendant. *Id.* at 3. On the State's petition, the court of criminal appeals conditionally granted mandamus relief against the trial judge. *See id.* at 7.

In the lead opinion, Judge White stated that the offices of county and district attorneys are constitutionally created and therefore constitutionally protected. *Id.* at 4. Thus, he reasoned, the authority of county and district attorneys cannot be abridged or taken away. *Id.* Judge White noted the district attorney's statutory duty to represent the state in all criminal cases in all district courts and appeals therefrom unless the district attorney had been employed adversely. *See id.* at 4; TEX. CODE CRIM. PROC. ANN. art. 2.01 (West 2005).[3] He also stated that disqualification of an entire district attorney's office constructively removes the district attorney from his elected office with respect to that case. *Eidson*, 793 S.W.2d at 4.

Ultimately, Judge White concluded that a trial court cannot remove a district attorney from office except under statutorily defined circumstances after a trial by jury. *Id.* at 4-5; *see* TEX. LOC. GOV'T CODE ANN. §§ 87.013 (authorizing district court to remove county officials, including district attorney, for (1) incompetency, (2) official misconduct, or (3) intoxication); 87.018(a) (permitting removal only after jury trial) (West 2008). And none of the statutory circumstances supporting removal were present. *See Eidson*, 793 S.W.2d at 5. Judge White recognized that there may be instances in which a prosecutor must recuse himself from the prosecution of an individual. *Id.* at 6; s*ee* TEX. CODE CRIM. PROC. ANN. art. 2.07(b-1) (West 2005) (providing that attorney for state who is not disqualified may request trial court to permit recusal for good cause). But he also opined that the responsibility for recusal lies with the prosecutor and not the trial court. *Eidson*, 793 S.W.2d at 5. Therefore, Judge White concluded

---

[3] The language of Article 2.01 and the other statutes referred to in our discussion of *Eidson* has not changed since that case was decided. Therefore, for convenience, we cite the current version of the statutes.

further that a trial court is without legal authority to remove a district attorney from a case and any order attempting to do so is void. *Id.* at 5. Three other judges joined in the opinion.

Judge Berchelmann, also joined by three other judges, concurred with the result only. *Id.* at 7. He expressly disagreed that removal of a district attorney's office from a particular case is tantamount to removing the district attorney from his elected office. *Id.* (Berchelmann, J., concurring). Judge Teague dissented, stating that the trial court had the authority to disqualify the district attorney's office and had not abused its discretion in doing so. *Id.* at 9 (Teague, J., dissenting).

Ordinarily, plurality opinions such as *Eidson* are not binding precedent. S*ee Chavez v. State*, 9 S.W.3d 817, 833 (Tex. Crim. App. 2000). The County Attorney points out, however, that the court of criminal appeals, citing *Eidson*, has stated that a trial court has no authority to require a prosecutor's recusal. *See, e.g.*, *Coleman v. State*, 246 S.W.3d 76, 81 & n.14 (Tex. 2008); *Johnson v. State*, 169 S.W.3d 223, 229 & n.18 (Tex. Crim. App. 2005). More importantly, however, the case before us does not involve the recusal of a prosecutor in a criminal case. And the duties of the County Attorney that are involved here are prescribed by the family code rather than the code of criminal procedure. Therefore, *Eidson* and its progeny are not binding precedent.[4] *See Carr v. Smith*, 22 S.W.3d 128, 133 (Tex. App.–Fort Worth 2000, pet. denied) (explaining that criminal cases are not binding precedent where court of criminal appeals is not reviewing court with jurisdiction over issue decided).

## Disqualification for Conflicts of Interest in Civil Cases

Texas disciplinary rule 1.06(b)(1) provides that a lawyer "shall not" represent a person if that representation "involves a substantially related matter in which that person's interests are materially and directly adverse to the interests of another client of the lawyer or the lawyer's firm[.]" TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.06(b)(1), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (West 2013) (Tex. State Bar R. art. X, § 9). And it is well

---

[4] Four months after *Coleman*, the court of criminal appeals explained that a district attorney may be disqualified for a conflict of interest not based on prior representation in the same criminal matter only if there is an actual conflict that violates due process. *Landers v. State*, 256 S.W.3d 295, 304-05, 310 (Tex. Crim. App. 2008) (no abuse of discretion by trial court in denying motion to disqualify where no due process violation shown). Citing *Landers*, the court stated more recently that "[w]hen an alleged conflict of interest is at issue, a district attorney or his or her staff may not be disqualified unless an actual conflict of interest exists and that conflict rises to the level of a due-process violation." *See Ex parte Reposa*, No. AP-75965, 2009 WL 3478455, at *10 (Tex. Crim. App. Oct. 28, 2009) (orig. proceeding, not designated for publication) (no abuse of discretion by trial court in denying motion to disqualify where no due process violation shown).

established that where two representations are shown to be "substantially related," the trial court has a duty, as part of its role in the internal regulation of the legal profession, to disqualify counsel from further representation in the pending litigation. *NCNB Tex. Nat'l Bank v. Coker*, 765 S.W.2d 398, 400 (Tex. 1989).

The Texas Supreme Court has recognized the constitutional protection given county and district attorneys. As pertinent here, that court has held that the duties conferred by the Texas Constitution upon a county attorney cannot be withdrawn or abridged by the legislature unless the constitution expressly so provides. *See*, *e.g.*, *Hill Cnty. v. Sheppard*, 178 S.W.2d 261, 264 (Tex. 1944) (invalidating statute creating office of criminal district attorney to assume duties of county attorney); *State v. Moore*, 57 Tex. 307, 315-16 (Tex. 1882) (invalidating statute conferring authority upon attorney general to bring certain suits that were county attorney's duty to file); *see also* TEX. CONST. art. V, § 21. Moreover, as a general rule, the state may not be represented in the district or inferior courts by any person other than the county or district attorney, "unless such officer joins therein." *State Bd. of Dental Examiners v. Bickham*, 203 S.W.2d 563, 566 (Tex. Civ. App.–Dallas 1947, no writ) (cited with approval in *Garcia v. Laughlin*, 285 S.W.2d 191, 197 (Tex. 1955)). And mandamus is available where a trial court does not permit the county attorney to appear in an action on behalf of the county when she has the statutory right and duty to prosecute the action. *See Terrell v. Greene*, 31 S.W. 631, 635 (Tex. 1895) (trial court denied county attorney's motion for permission to represent county in suit against county treasurer for mishandling county funds initiated by commissioners court's retained counsel although within statutory duties of county attorney).

In *Eidson*, Judge White cited the above cases (and other civil cases) to support his general statements regarding the constitutional protection afforded the offices of county and district attorneys. *See Eidson*, 793 S.W.2d at 4. However, the cited cases examine the protection afforded county attorneys and district attorneys from unauthorized legislative and judicial interference with the performance of their duties. They do not address whether a trial court can disqualify a county attorney (or a district attorney) for a conflict of interest in a civil case.

The County Attorney has not cited any civil case supporting her argument that the trial court has no authority to disqualify the County Attorney's Office in the underlying proceeding. Nor does she refer us to any civil case in which the protection afforded her office from

unauthorized legislative and judicial interference has been held to prevent a trial court from disqualifying a county attorney's office for a conflict of interest. And, in our independent research, we have been unable to locate any such cases. Consequently, we cannot agree with the County Attorney that the trial court lacks the authority to disqualify the County Attorney's Office from representing the Department when the County Attorney or another attorney in her office has a conflict of interest.

**TEXAS FAMILY CODE SECTION 81.0075**

The County Attorney argues further that a conflict of interest is legislatively precluded when a county attorney represents a party in a family violence protective order proceeding and represents the Department in another action involving that same party. She urges that Texas Family Code Section 81.0075 "plainly states that the prosecuting attorney is not precluded from representing the Department in this case." *See* TEX. FAM. CODE ANN. § 81.0075 (West 2014). This argument requires us to construe Section 81.0075.

**Principles of Statutory Construction**

Statutory construction is a legal question, which we review de novo. *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010); *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). Our primary objective is to determine the legislature's intent, which, when possible, we discern from the plain meaning of the words chosen. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). Where the text is clear, it is determinative of that intent. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). Thus, when the language of a statute is clear and unambiguous, it is inappropriate to resort to rules of construction or extrinsic aids to construe it. *City of Rockwall*, 246 S.W.3d at 626. If the legislature has failed to define a word or term, we will apply its ordinary meaning. *Monsanto Co. v. Cornerstones Mun. Util. Dist.*, 865 S.W.2d 937, 939 (Tex. 1993).

**The Statute**

Section 81.0075 permits the prosecuting attorney (in this case, the County Attorney) to represent "a party in a [protective order proceeding] and the Department . . . in another action involving the party, regardless of whether the proceeding occurs before, concurrently with, or

7

after the other action involving the party."[5]  TEX. FAM. CODE ANN. §§ 81.007(a), 81.0075.  Thus, the County Attorney urges this statute prevents the conflict of interest J.H. alleges.  J.H. counters that the County Attorney's representation of J.H. and the Department in separate proceedings is "[s]ubject to the Texas Disciplinary Rules of Professional Conduct[.]"  *See id.* § 81.0075.

The words "subject to" are not defined in Section 81.0075.  Used in the ordinary sense, "subject to" means "subordinate to," subservient to," or "limited by."  ***Cockrell v. Tex. Gulf Sulphur Co.***, 299 S.W.2d 672, 676 (Tex. 1956); ***EOG Res., Inc. v. Hanson Prod. Co.***, 94 S.W.3d 697, 702 (Tex. App.–San Antonio 2002, no pet.).  Applying that definition here, "subject to" unambiguously indicates that the specific language relating to the Texas disciplinary rules limits Section 81.0075's general language describing the permitted representation.  *See **Franks v. Roades***, 310 S.W.3d 615, 629 (Tex. App.–Corpus Christi 2010, no pet.) (concluding general language in Texas Disciplinary Rule of Professional Conduct 1.02 "gives way to the specific language" of applicable subsection referred to in "subject to" clause of Rule 1.02); *see also **EOG***, 94 S.W.3d at 702 (holding statement that assignment is "subject to" letter agreement, at minimum, incorporates letter agreement by reference).  Consequently, we hold that the unambiguous language of the statute reflects the legislature's intent to authorize the representation described in Section 81.0075 unless the Texas Disciplinary Rules of Professional Conduct prohibits it.  *See* TEX. FAM. CODE ANN. § 81.0075.

The County Attorney maintains that Section 81.0075's legislative history supports her position.  But she does not point to any ambiguity in the statute, and we have concluded that its plain text is unambiguous.  As a result, we cannot resort to extrinsic aids such as legislative history to interpret the statute.  ***City of Rockwall***, 246 S.W.3d at 626; *see also **Summers***, 282 S.W.3d at 442 (stating that courts do not resort to extrinsic aids "such as the Act's legislative history [when construing a statute] . . . unless the plain language is ambiguous").  Therefore, we do not consider the statute's legislative history or express any opinion about the merits of the County Attorney's interpretation of it.

---

[5] "Prosecuting attorney" means the attorney, as determined by other applicable statutes, who represents the state in a district or statutory county court in the proper county of venue for the protective order application.  TEX. FAM. CODE ANN. § 71.007 (West 2014).

8

Finally, the County Attorney contends that J.H. did not meet her burden to show that disqualification of the County Attorney's Office is required under Texas disciplinary rule 1.05 or 1.06. She maintains that J.H. did not prove she shared confidential information with Bewley or the County Attorney in connection with the protective order proceeding.[6] She also argues that J.H. did not present any evidence that the protective order proceeding and the termination case are substantially related. Therefore, she concludes, the trial court's disqualification of the County Attorney's Office, whether under Rule 1.05 or Rule 1.06, is an abuse of its discretion.

In the trial court, J.H. asserted that the County Attorney's representation of the Department violated Rule 1.05 and Rule 1.06. In this proceeding, J.H.'s argument is based solely on Rule 1.06. Accordingly, we limit our discussion to whether J.H. established that the protective order and the termination case are substantially related.

**"Substantially Related"**

"Disqualification of a party's counsel is a severe remedy[.]" *In re Columbia Valley Healthcare Sys., L.P.*, 320 S.W.3d 819, 825 (Tex. 2010). It can cause immediate harm by depriving a party of its chosen counsel and by disrupting court proceedings. *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 423 (Tex. 2002). As a result, the trial court, "[i]n considering a motion to disqualify, . . . must strictly adhere to an exacting standard to discourage a party from using the motion as a dilatory trial tactic." *Id.* To meet this standard, the party seeking disqualification must establish with specificity a violation of one or more of the disciplinary rules. *Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990). Mere allegations of unethical conduct or evidence showing a remote possibility of a violation of the disciplinary rules will not suffice under the "exacting standard" required to grant a motion to disqualify. *Id.*

As we stated earlier, a lawyer "shall not" represent a person if the representation involves a "substantially related matter" in which that person's interests are materially and directly adverse to the interests of another client of the lawyer or the lawyer's firm.[7] TEX. DISCIPLINARY

---

[6] J.H. asserted in the trial court that when Bewley prepared her affidavit supporting the protective order application, she included confidential information that she had obtained from J.H.

[7] An exception applies when the lawyer reasonably believes the representation of each client will not be materially affected and each client consents to the representation after full disclosure. *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.06(c) & cmt. 2, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (West 2013) (Tex. State Bar R. art. X, § 9).

RULES PROF'L CONDUCT R. 1.06(b)(1). Likewise, a lawyer shall not represent a client in a matter adverse to a former client if it is the "same or a substantially related matter." *Id.* 1.09(a)(3).

The term "substantially related matter" is not defined in Rule 1.06 or Rule 1.09. *See id.* 1.06, 1.09. However, the Texas Supreme Court has held that two matters are "substantially related" within the meaning of Rule 1.09 when "a genuine threat exists that a lawyer may divulge in one matter confidential information obtained in the other because the facts and issues involved in both are so similar." *In re EPIC Holdings, Inc.*, 985 S.W.2d 41, 51 (Tex. 1998). In the only case we are aware of that addresses this issue in the context of Rule 1.06, the Dallas court of appeals applied the Rule 1.09 test to determine whether matters were "substantially related." *State Bar of Tex. v. Dolenz*, 3 S.W.3d 260, 270-71 (Tex. App.–Dallas 1999, no pet.). We see no reason to do otherwise here.

If the person seeking disqualification shows that two matters are "substantially related," she is entitled to a conclusive presumption that a lawyer who worked on the case obtained confidential information during the representation. *See, e.g.*, *Coker*, 765 S.W.2d at 400. Thus, the movant is not forced to reveal the very confidences she wishes to protect to demonstrate that such confidences exist. *See id.*; *Troutman v. Ramsay*, 960 S.W.2d 176, 178 (Tex. App.–Austin 1997, orig. proceeding). Once the movant meets her burden to show a substantial relationship between the two representations, the trial court should perform its role in the internal regulation of the legal profession and grant the motion to disqualify. *See Coker*, 765 S.W.2d at 400. Any conflict that prevents a particular attorney from continuing a representation of a client also prevents any other attorney in the firm from doing so. TEXAS RULES OF PROF'L CONDUCT R. 1.06, cmt. 1.

### J.H.'s Evidence

J.H. argued in the trial court that the protective order proceeding and the termination case are "substantially related" because R.G.'s family violence is an issue in both. As proof, J.H.'s attorney introduced, and the trial court admitted into evidence, the March 31 service plan between J.H. and the Department; the application for the family violence protective order against R.G.; J.H.'s supporting affidavit; and the temporary ex parte protective order.

J.H.'s attorney also called the trial court's attention to the affidavit of Cecilia Vasquez, a Department investigator. Vasquez interviewed J.H. when the investigation began and signed J.H.'s safety plan on behalf of the Department. Counsel pointed out to the court that the affidavit

10

was "given to [the trial court] in the CPS case." The record reflects that Vasquez's affidavit was attached to the Department's petition in the termination case, which was in the trial court's file at the time of the disqualification hearing. The affidavit, in part, identifies the grounds for the Department's request to be appointed A.D.H.G.'s temporary managing conservator.[8]

**J.H.'s Burden**

To prevail on her motion to disqualify, J.H. had to show that if the County Attorney's Office continues to represent the Department in the termination case, "a genuine threat exists that [the County Attorney's Office] may divulge in [the termination case] confidential information obtained in the [protective order proceeding]. . . ." *See EPIC*, 985 S.W.2d at 51. The evidence before the trial court shows that, from the outset of its investigation, the Department indicated its concern that R.G.'s presence was a threat to A.D.H.G.'s safety. The document, which is described in the document itself as a "Plan for Immediate and Short-Term Child Safety," identifies certain tasks J.H. was required to perform "to provide for [A.D.H.G.'s] immediate and short-term safety." One of those tasks is to "follow thru [sic] with the protective order against [R.G.]." The safety plan includes a warning that "[f]ailure to comply with this safety plan may result in further action by the department which may include removal of [A.D.H.G.] from your care."

As required by the Department, J.H. applied for a protective order against R.G. for herself and A.D.H.G. In her supporting affidavit, J.H. describes her four year relationship with R.G. in explicit detail. She chronicles R.G.'s repeated violence and threats of violence. She also recounts three incidents relating to A.D.H.G.

Based on J.H.'s affidavit, the County Court at Law issued a temporary ex parte protective order. But the affidavit also is relevant to the Department's concerns for A.D.H.G.'s safety. Vasquez's affidavit confirms that "[d]ue [in part] to . . . the domestic violence between [J.H.] and [R.G.] . . . , the Department of Family and Protective Services is requesting to be named

---

[8] A trial court may take judicial notice of the contents of its file. *See* TEX. R. EVID. 201(b) (providing trial court may take judicial notice of matters generally known or those easily proven that cannot reasonably be disputed); *In re J.E.H.*, 384 S.W.3d 864, 870 (Tex. App.–San Antonio 2012, no pet.). Therefore, a trial court may take judicial notice that a pleading or other document has been filed in the case or that the court has signed an order. *See, e.g.*, *In re J.E.H.*, 384 S.W.3d at 870 (holding that trial court could properly take judicial notice that it signed order adopting family service plan and of requirements listed in plan). The court may not take judicial notice of the truth of factual statements and allegations contained in the pleadings, affidavits, or other documents in the file. *In re R.S.D.*, 446 S.W.3d 816, 820 n.4 (Tex. App.–San Antonio 2014, no pet.).

temporary managing conservator of [A.D.H.G.]." The trial court granted the Department's request.

In summary, J.H. has shown that R.G.'s alleged violence and threats of violence are issues in the protective order proceeding and the termination case because of their relationship to A.D.H.G.'s safety. Consequently, we conclude that J.H. has met her burden to show that "a genuine threat exists that [the County Attorney's Office] may divulge in [the termination case] confidential information obtained in the [protective order proceeding]. . . ." *See EPIC*, 985 S.W.2d at 51. Thus, J.H. has shown that the protective order proceeding and the termination case are substantially related. Because J.H. has met this burden, she is entitled to the conclusive presumption that she imparted confidences and secrets to both Bewley and the County Attorney in the protective order proceeding. *See Coker*, 765 S.W.2d at 400. Therefore, the trial court was required to disqualify the County Attorney's Office from further representation of the Department in the pending termination case.[9] *See id.* The trial court did not abuse its discretion in granting J.H.'s motion to disqualify the County Attorney's Office or in denying reconsideration of its disqualification order.

## DISPOSITION

Because the County Attorney has not shown an abuse of discretion by the trial court, she has not shown that she is entitled to mandamus relief. Accordingly, we ***deny*** her petition for writ of mandamus. Our ***stay*** of the trial court proceedings ***is lifted***.

**BRIAN T. HOYLE**
Justice

Opinion delivered August 19, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[9] Even if only one attorney in the County Attorney's Office represented J.H. in the protective order proceeding, the result would not differ. As we stated earlier, any conflict that prevents a particular attorney from continuing a representation of a client also prevents any other attorney in the firm from doing so. *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.06, cmt. 1.

12



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 19, 2015**

**NO. 12-14-00312-CV**

**HOUSTON COUNTY EX REL DAPHNE L. SESSION,**
Relator
V.
**HON. PAM FOSTER FLETCHER,**
Respondent

Appeal from the 3rd District Court

of Houston County, Texas (Tr.Ct.No. 14-0071)

ON THIS DAY came to be heard the petition for writ of mandamus filed by **HOUSTON COUNTY EX REL DAPHNE L. SESSION**, who is the relator in Cause No.14-0071, pending on the docket of the 3rd Judicial District Court of Houston County, Texas. Said petition for writ of mandamus having been filed herein on October 28, 2014, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **DENIED**.

Brian T. Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*